[S. F. No. 434.   Department One.—January 22, 1897.]

## JAMES MARSHALL ET AL., APPELLANTS, *v.* FRANK LUIZ ET AL., RESPONDENTS.

LANDLORD AND TENANT—LEASE OF DAIRY FARM AND COWS—STIPULATION AGAINST REMOVAL OF HAY—TITLE OF TENANT—CHATTEL MORTGAGE—RIGHTS OF BONA FIDE MORTGAGEE—INJUNCTION.—A lease of a dairy farm with the cows thereon, for a fixed rental, with a stipulation that no hay or grain or other products of the soil should be sold or removed from the land during the lease, and that the hay remaining on the land at its expiration should be paid for by the lessor at a fixed price, is not merely a contract to carry on the business of dairying, but creates the conventional relation of landlord and tenant between the parties, and gives the tenant the title to the hay, and the lessor has no interest in or lien upon it which he can enforce by injunction against a *bona fide* mortgagee of the hay crop, who took a chattel mortgage thereon without notice or knowledge of the terms of the lease, to prevent him from selling and removing the hay under foreclosure of the mortgage.

ID.—BREACH OF CONTRACT—REMEDY OF LESSOR—RE-ENTRY—DAMAGES.—The remedy of the lessor for the breach of the contract by the lessee not to sell or remove the hay is to be sought by re-entry, or by an action for damages, and not by injunction against a third person whose claims upon the hay were acquired in ignorance of the pretensions of the lessor.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial. E. M. ANGELLOTTI, Judge.

The facts are stated in the opinion.

*Hepburn Wilkins*, for Appellants.

Defendant Luiz had no right under the lease to take the hay from plaintiff's land, or to mortgage it; and

defendant Freitas could not by such mortgage obtain the right to sell the hay under foreclosure proceedings. (*Heald* v. *Builders' etc. Ins. Co.*, 111 Mass. 38; *Lewis* v. *Lyman*, 22 Pick. 437; *Jordan* v. *Staples*, 57 Me. 352; *Moulton* v. *Robinson*, 27 N. H. 550; *Kelley* v. *Weston*, 20 Me. 232; *Wentworth* v. *Miller*, 53 Cal. 9; *Howell* v. *Foster*, 65 Cal. 172; *Bours* v. *Webster*, 6 Cal. 660; *Bernal* v. *Hovious*, 17 Cal. 541; 79 Am. Dec. 147; *Baxter* v. *Bush*, 29 Vt. 465; 70 Am. Dec. 429; *Esdon* v. *Colburn*, 28 Vt. 631; 67 Am. Dec. 730; *De Vaughn* v. *Howell*, 82 Ga. 336; 14 Am. St. Rep. 162; *Andrew* v. *Newcomb*, 32 N. Y. 417.)

*James W. Cochrane*, for Respondents.

The tenant is the owner of the annual products of the soil, unless restricted by the terms of the lease. (Civ. Code, sec. 819.)   Plaintiffs had no lien for rent reserved in the lease, and no title to the crops was vested in them as against an attaching creditor of the lessee. (*Stockton Sav. etc. Soc.* v. *Purvis*, 112 Cal. 236; 53 Am. St. Rep. 210; *Hawkins* v. *Giles*, 45 Hun, 318; *Branch* v. *Morrison*, 5 Jones, 16; 69 Am. Dec. 770; *Deaver* v. *Riel*, 4 Dev. & B. 431; 34 Am. Dec. 388; *McLellan* v. *Whitney*, 65 Vt. 510.)

BRITT, C.—By the terms of a written lease the plaintiffs in this action let to defendant Luiz for the term of one year, beginning September 1, 1894, a tract of farming and grazing land at the rental of two thousand eight hundred and eighty dollars, payable one-half on said September 1st, and the remainder on April 15, 1895. Among the covenants of the lease, for breach of which the lessors might re-enter, the lessee agreed that nothing should be sold from the land or removed therefrom except dairy products and calves and hogs raised on the place, "and that no hay, grain, or other product of the soil is to or shall be sold or carried off from said land while this lease remains in force"; that the lessee might keep on the premises seven horses, also certain cows of

the lessors, to be presently mentioned, but except these should take no livestock to feed or pasture there; and should plow about one hundred acres and no more, "being the field usually cultivated for hay, and to be used for that purpose." It was stipulated that during the term the lessors would furnish to the lessee for the purpose of dairying on said land one hundred and sixty cows then on the same, which he agreed to properly care for; the use of the cows "in no wise, however, to affect the foregoing lease of the real property, but the whole of the rental mentioned and reserved being for said real property, and . . . . the parties of the first part shall have in the premises all such legal rights and remedies as pertain to leasing real property, and as though herein no mention of personal property was made." The lease concluded as follows: "If at the expiration of this lease, and upon the fulfillment of all the conditions herein mentioned, the party of the second part shall have any hay left in the barn he shall be paid the sum of six dollars per ton for said hay."

Said second party, the tenant, paid on account of rent the sum of seven hundred dollars only, and is insolvent. In May, 1895, he executed a chattel mortgage of the growing crop of oat hay planted by him on the premises to defendant Freitas; the court found that Freitas took the mortgage for value and without notice of the provisions of the lease. In July following the mortgagee obtained a judgment against Luiz for the foreclosure of said mortgage and sale of the crop, which had then been harvested for hay, and thereunder the defendant Harrison, as sheriff of the county, seized the hay and was about to sell the same when the lessors commenced the present action to enjoin such sale and the removal of the hay from the premises. On final hearing the relief demanded was denied, and an injunction issued *ad interim* was dissolved. It is the view of plaintiffs, as stated by counsel, that the lease "is a contract for the purpose of carrying on the dairy business. . . . . The landlord practically reserves the crops to himself,

and such reserved crops remain the property of the owners of the land, and cannot be disposed of by the tenant or become liable for his debts."

We are unable to agree that the lease constituted merely a contract for the purpose of carrying on the business of dairying, or that this object should be considered controlling of those provisions which create the conventional relation of landlord and tenant between the parties; they were at too much pains to specify in the instrument the independence of the contract for dairying, and that for the lease of real property, to permit of such construction. Luiz was a tenant for years, having, as such, an estate in the land and consequent right to the annual products of the soil, unless this right was withheld from him by some provision of the lease. (Civ. Code, sec. 819.) We find no language in the instrument apt for that purpose; it contains no engagement that the hay shall be fed to plaintiffs' cows, or applied in any manner to the use of plaintiffs; except that if the tenant "shall have any hay left in the barn," he shall be paid therefor—a contract of future sale on a contingency which conferred no title on the lessors. True, the tenant had obligated himself not to sell or remove the hay from the premises, and his infraction of this promise—admitting, as we may, that the mortgage, inducing a sale and removal, was in contravention thereof—may have been morally and legally wrong; but it was a wrong for which redress was to be sought by re-entry or appropriate action for damages. (*McCombs* v. *Becker*, 3 Hun, 342; *Colville* v. *Miles*, 127 N. Y. 159; 24 Am. St. Rep. 433.) Certainly, it seems to us, the lessors have no lien upon or other interest in the hay itself which equity ought to enforce against a third person whose claims thereon were acquired in ignorance of the lessors' pretensions. (*More* v. *Ord*, 15 Cal. 204; *Hitchcock* v. *Hassett*, 71 Cal. 331; *Stockton etc. Soc.* v. *Purvis*, 112 Cal. 236, 241; 53 Am. St. Rep. 210.) The judgment and order appealed from should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., VAN FLEET, J., McFARLAND, J.