[Civil No. 1415.   Filed May 21, 1915.]

[148 Pac. 908.]

## R. J. EDWARDS, Appellant, v. THE DEALERS' ICE AND COLD STORAGE COMPANY, a Corporation, Appellee.

1. ATTACHMENT — CONDITIONS PRECEDENT — STATUTORY PROVISIONS.— Under Civil Code of 1913, paragraph 1393, providing that, in an action on any contract for payment of money not fully secured by mortgage, plaintiff may obtain an attachment of property as security, a plaintiff, suing on a note, may obtain an attachment where the chattel mortgage given to secure it is void, or where the mortgage, if valid, does not fully secure the note.

2. BILLS AND NOTES—CHATTEL MORTGAGE—VALIDITY OF NOTE.—A note and a chattel mortgage securing it are independent, and the loss of the security, not chargeable to the holder of the note, does not prevent recovery on the note.

    [As to mortgage as "security," see note in **Ann. Cas. 1914D,** 625.]

3. BILLS AND NOTES—CHATTEL MORTGAGE—VALIDITY OF NOTE.—A note, given for money borrowed, is not invalid because a chattel mortgage securing it stipulates that the mortgagor shall, during the life of the mortgage, purchase from the mortgagee all ice, beer and other products handled and sold by the mortgagee, which the mortgagor may use in his retail saloon business, though it be assumed that the stipulation is invalid as contrary to public policy.

APPEAL from a judgment of the Superior Court of the County of Gila. G. W. Shute, Judge. Affirmed.

Mr. A. C. McKillop and Mr. Jay Good, for Appellant.

Mr. L. L. Henry, for Appellee.

CUNNINGHAM, J.—The record for review on this appeal consists of a statement of the case and the proceedings therein as, in the opinion of the parties, enables this court to determine whether there has been any error in the judgment. The statement agreed upon was signed by the respective counsel for the parties, and approved and signed by the judge trying the case; was filed and transmitted to this court as the record on appeal in substantial conformity with the requirements of paragraph 1257 of the Civil Code of 1913. The statement of the case, as agreed upon, is as follows:

"(1) . . . On the 8th day of July, 1912, R. J. Edwards, appellant herein and defendant in the court below, with others, executed his certain promissory note in favor of the appellee, plaintiff in the court below, for the sum of $1,700, due on or before 17 months from date, which said note referred to a certain chattel mortgage on personal property of even date, given to secure said note; that on said date said chattel mortgage was given to secure said note, and said note was set out in full in said chattel mortgage, copy of which said chattel mortgage is hereto attached and marked, 'Exhibit A.'

"(2) That thereafter, on the 3d day of November, 1913, appellee brought suit on said note, sued out a writ of attachment, and caused the same to be levied upon the property described in said chattel mortgage, but did not seek to foreclose its mortgage lien.

"(3) That thereafter appellant filed his motion to dissolve the attachment in said cause for the following reasons: (a) That said contract as shown by said note and chattel mortgage, both of which were introduced in evidence, was illegal and void for the reason that it violated section 2, c. 103, Laws 1909, now title 19, par. 710, Pen. Code of Arizona. (b) Because the contract, as evidenced by the note and mortgage herein set out, is contrary to public policy, and should not be enforced.

"(4) The court . . . refused to dissolve the attachment herein, from which ruling, order, and judgment of the court, the appellant appealed. . . .''

The chattel mortgage mentioned recites that the property therein described is mortgaged "as security for payment to the said mortgagee, of one promissory note for the sum of seventeen hundred ($1,700.00) dollars lawful money of the United States of America, on or before seventeen months from date, with interest thereon at the rate of one per cent per month payable at quarterly according to the terms and conditions of a certain promissory note of even date herewith, and in the words and figures as follows, to wit:

" '$1,700.00.                 Globe, Arizona, July 8th, 1912.

" 'On or before seventeen (17) months after date, for value received, I, we, and each of us promise to pay to the order of the Dealers' Ice and Cold Storage Company, a corporation, seventeen hundred dollars in five equal quarterly installments of three hundred dollars each on the 12th day of October, January, April and July of each and every year until the sum of fifteen hundred dollars is paid and the sum of two hundred dollars seventeen months from date, together with interest hereon at the rate of one per cent. per month from date until fully paid, interest on the amounts paid as herein provided to cease from the date the same is paid.

" 'And we and each of us agree in the event default is made in the payment of any sum or interest thereon on the date when the same is to be paid as herein provided that the whole amount of principal and interest unpaid thereon shall at the option of the holder hereof become due and payable and in the event this note is placed in the hands of an attorney for collection or suit is brought on the same or to foreclose the chattel mortgage given to secure this note then an additional amount not to exceed ten per cent on the principal and interest then due on this note shall be added to the same as collection and attorney fees.

" 'It is further declared that this note is secured by a chattel mortgage on personal property of even date herewith.

" '[Signed] .                    D. J. PERRY.
                        " 'R. J. EDWARDS.
                        " 'J. B. HENDERSON.' "

The following appears as a final clause of the mortgage:

"The said mortgagors further agree as a part of the consideration for the giving of this mortgage and the loaning of the money secured hereby to purchase from the said mortgagee during the term and life of this mortgage all ice, beer and other products handled and sold by the mortgagee, which the mortgagors may use in and about their said retail saloon business."

Suit was commenced on the note on November 3, 1913, and the property described in the chattel mortgage was attached to satisfy any judgment that may be recovered in the suit on the note. No action leading to the foreclosure of the mortgage lien was had in the suit commenced.

"The plaintiff at the time of filing his complaint, or at any time afterward, may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered, . . . as in this chapter provided, in the following cases:

"(1) In an action upon a contract, express or implied, for the direct payment of money, where the contract is made or is payable in this state, and is not fully secured by any mortgage or lien upon real or personal property, or any pledge of personal property; or, if originally so secured, such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless. . . ." Paragraph 1393, Civil Code 1913, continuing paragraph 332, Revised Statutes Ariz. 1901.

We cannot determine from the record furnished this court the nature of the affidavit made by the plaintiff for the attachment, nor the grounds alleged in the affidavit, whether one, or more than one, ground was alleged, but appellant in his statement of the case in his brief says:

"The note sued upon was set out in full in both plaintiff's complaint and its affidavit for a writ of attachment and recited that the payment of the same was secured by a chattel mortgage on personal property of even date with said note, the affidavit for attachment reciting that the note was not fully secured by a mortgage lien," etc.

If we take this statement of appellant to convey the fact that the affidavit for attachment recited that the note was not fully secured by a mortgage, then it follows that the issu-

ance of the attachment was proper and within the provision of paragraph 1393, *supra,* and the court properly denied the motion to quash the writ; otherwise the court would have given no force to the statute.

If the chattel mortgage given to secure the payment of the note is void, as claimed by the appellant, no part of the obligation evidenced by the note was secured thereby. The mortgage or lien securing the payment of any part of the contract sued upon, in order to preclude an attachment for such part of the contract, must be a mortgage or lien of a fixed determinate character, capable of being enforced with certainty, and depending on no conditions. *Porter* v. *Brooks,* 35 Cal. 199; *Mark Means Transfer Co.* v. *Mackinzie,* 9 Idaho, 165, 73 Pac. 135; *Barton* v. *Groseclose,* 11 Idaho, 227, 81 Pac. 623; *Bowman* v. *Wade,* 54 Or. 347, 103 Pac. 72, 76; *Jensen* v. *Dorr,* 157 Cal. 437, 108 Pac. 320; *Watson* v. *Loewenberg,* 34 Or. 323, 56 Pac. 289.

It becomes unnecessary to decide the question of the validity of the chattel mortgage as affecting the right to an attachment. That question is not contested here, but the question here argued is whether the note sued on is void because the chattel mortgage is void. Again, in order to answer the question, it is not necessary to decide the validity of the chattel mortgage. The note is an independent contract from the contract of surety. The mortgage is only to secure the payment of the note, and if the security is lost by a loss of the property, or in any manner not chargeable to the plaintiff or payee of the note, the debt remains notwithstanding the loss of the security.

The appellant contends that the chattel mortgage and the note it was intended to secure are void, because the note on its face refers to the chattel mortgage as securing it, and the chattel mortgage contains the following provision:

"The said mortgagors further agree as a part of the consideration for the giving of this mortgage and the loaning of the money secured hereby to purchase from the said mortgagee during the term and life of this mortgage all ice, beer and other products handled and sold by the mortgagee, which the mortgagors may use in and about their said retail saloon business."

Conceding, for the purposes of this case, appellant's contention that the above-quoted provision of the chattel mortgage is illegal, it must be conceded that the loaning of $1,700 by the appellee to appellant and others and taking their note and promise of payment was a legal transaction, considered alone.    Then we have a lawful promise to pay that sum, made upon a lawful consideration and unlawful promise, made at the same time, for the same consideration.    Under the authorities, the unquestioned rule is:

"That a lawful promise, made for a lawful consideration, is not invalid merely because an unlawful promise was made at the same time and for the same consideration." 9 Cyc. 565, citing a great number of cases in note 23.

In *United States* v. *Hodson,* 10 Wall. 395, 19 L. Ed. 937, Justice SWAYNE, speaking for the court, states the rule in these words:

"It is a settled principle of law that where a bond contains conditions, some of which are legal and others illegal, and they are severable and separable, the latter may be disregarded and the former enforced."

Here we have a note referring to another instrument made at the same time, alleged to contain an illegal condition.    The note is clearly severable and separable from the chattel mortgage instrument and provision, conceding that instrument and provision are illegal.    Applying the rule stated in *United States* v. *Hodson, supra,* the note may be enforced, and the mortgage containing the said provision may be disregarded. Such course seems to have been pursued by the trial court. If the chattel mortgage is valid, but does not fully secure the note, the same result would follow.

The judgment is affirmed.

ROSS, C. J., and FRANKLIN, J., concur.