[Civ. No. 1399. Third Appellate District.—November 10, 1915.]

## JAMES H. GRAHAM, Respondent, v. H. O. ANNIS, Appellant.

ATTACHMENT—LABOR AND MATERIAL IN REPAIR OF VESSEL.—The lien given by section 813 of the Code of Civil Procedure upon steamers, vessels and boats for work done or materials furnished for their construction, repair or equipment, is not of such fixed and determinate character as to take from the mechanic or materialman the right to bring an ordinary action for such services or material and to have a writ of attachment levied upon the vessel upon which the work was performed or for which the material was furnished.

ID.—NATURE OF LIEN PRIOR TO ACTION BROUGHT—FLOATING RIGHT.— The lien given by such code section and the right to enforce it provided by the succeeding sections continues for one year, as between the party who performs labor or furnishes materials in the building or repair and the owner of the vessel, but, unless fixed and determined by action brought, it is but a floating right.

APPEAL from a judgment of the Superior Court of Solano County and from an order refusing to dissolve an attachment. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

C. J. Goodell, for Appellant.

Kenneth I. Jones, and W. U. Goodman, for Respondent.

CHIPMAN, P. J.—Plaintiff alleges in his complaint that defendant is the owner of "that certain gasoline motor boat named 'The Bird,' " and that "between the 12th day of May and the 21st day of September, 1914, at the special instance and request of defendant, H. O. Annis, plaintiff performed certain labor in making certain repairs to the machinery of said motor boat, 'The Bird,' and to a small gasoline motor, the property of defendant, and provided certain materials which were used in the making of said repairs." It is also alleged that "said labor and materials were of the reasonable value of $320.50" and that the whole thereof is due and unpaid. The complaint was filed on September 25, 1914, and on the same day plaintiff filed with the clerk an affidavit

and undertaking in attachment and on that day there was issued out of the court a writ of attachment "in the form prescribed by section 540 of the Code of Civil Procedure and not in the form prescribed by section 819 of said code." A general demurrer to the complaint was overruled and defendant served and filed his answer on November 5, 1914, admitted ownership of said motor boat and that labor and materials were furnished as alleged in the complaint but denied that they had any value greater than one hundred and fifty dollars.

It appears from the bill of exceptions that the writ of attachment directed the sheriff to "attach and safely keep all of the property of defendant H. O. Annis" within said Solano County, "not exempt from execution, or so much thereof as may be sufficient to satisfy the said plaintiff's demand," unless the defendant give security, etc.; that thereupon the sheriff did levy upon and take into his possession said motor boat described in the complaint and continued to hold possession thereof "from the time of his said levy on or about the —— day of September, 1914, to a time subsequent to the presentation of the motion of defendant H. O. Annis to dissolve and discharge said attachment, and the denial of said motion on the 8th day of December, 1914"; that, on December 3, 1914, defendant duly served and filed a notice of motion to dissolve and dismiss said attachment on the grounds: That the attachment was improperly issued; 1, because "the undertaking is in a sum less than five hundred dollars"; 2, because the affidavit for attachment falsely stated "that the amount sought to be recovered had not been secured by any lien upon personal property"; 3, because the "writ did not and does not direct the sheriff to attach 'The Bird' with its tackle, apparel and furniture, and keep the same in his custody until discharged in due course of law."

At the time noticed, to wit, December 8, 1914, the matter came on for hearing and defendant moved the court for an order dissolving the attachment upon all the grounds specified in said notice and "based upon all said papers, pleadings and proceedings and filed in said action" as set out in said notice of motion. The court denied the motion. Thereupon, on the eighth day of December, 1914, the cause went to trial and on that day judgment was entered for plaintiff for the sum prayed for and was indorsed: "Filed Dec. 9, 1914." Re-

spondent appeals from the judgment and from the order denying his motion to dissolve and dismiss the attachment.

Appellant claims that the judgment should be reversed for the reason that "the proceedings herein seem to have been intended to enforce, by means of attachment and sale under execution, the lien which the statute gives on the boat." The grounds on which the motion to dissolve the writ of attachment was made have been given and are now urged for reversing the order denying defendant's motion.

Section 813 of the Code of Civil Procedure provides: "All steamers, vessels, and boats are liable: . . . 3. For work done or materials furnished in this state for their construction, repair, or equipment. . . . Demands for these several causes constitute liens upon all steamers, vessels, and boats, and have priority in their order herein enumerated, and have preference over all other demands; but such liens only continue in force for the period of one year from the time the cause of action accrued." The succeeding sections provide the steps to be taken in enforcing the lien. The complaint must state the name of the owner, if known, and if not known that fact must be stated and the defendant shall be designated as unknown. "The complaint must designate the steamer, vessel, or boat by name, and must be verified by the oath of the plaintiff, or someone on his behalf." (Sec. 815.) The plaintiff "may have the steamer, vessel, or boat, with its tackle, apparel, and furniture, attached as security for the satisfaction of any judgment that may be recovered in the action (sec. 817) ; and section 818 authorizes the clerk to issue a writ of attachment "upon receiving a written undertaking on behalf of the plaintiff, . . . to the effect that if the judgment be rendered in favor of the owner of the steamer, vessel, or boat, as the case may be, he will pay all costs and damages that may be awarded against him, . . . not exceeding the sum specified in the undertaking, which shall in no case be less than five hundred dollars." The bond in this case was for two hundred dollars, as required by section 539, and was framed under that section. Sections 819 and 820 direct the sheriff "to attach such steamer, vessel, or boat, with its tackle, apparel, and furniture, and keep the same in his custody until discharged in due course of law." Section 821 provides that the owner may appear and answer or plead to the action and may except to the sufficiency of the sureties on

the undertaking, and section 823 provides that the attachment may, on motion of the owner, "be discharged in the same manner, and on like terms and conditions, as attachments in other cases." Section 824 provides for the sale after judgment recovered. The writ in the present case directed the sheriff to attach and safely keep all property of defendant not exempt from execution as in ordinary cases of attachment (sec. 540) and did not direct the sheriff to attach "The Bird" with its tackle, apparel and furniture and keep the same in his custody as provided in section 819, Code of Civil Procedure.

The attack upon both the judgment and order is on the assumption that plaintiff instituted the proceedings under sections 813 et seq., of the Code of Civil Procedure for the enforcement of liens upon vessels, and this assumption rests wholly upon what appears from the complaint and the proceedings above set forth. Defendant made no showing independently of said proceedings and the evidence submitted at the trial on the merits was not brought up.

Appellant relies chiefly upon *Jensen* v. *Dorr*, 157 Cal. 437, [108 Pac. 320]. In that case the plaintiff, as we infer from what appears in the report, claimed a lien under the terms of sections 813 et seq., and the complaint was in conformity therewith, as was also the undertaking. It was held that his rights were to be determined by the provisions of that section and others in the chapter relating to liens upon vessels. Said the court: "Proceedings for attachment, whether in ordinary cases or in actions to enforce liens against vessels, are created by statute, and must, in each of such classes of cases, follow the terms of the law governing that class." It was, as we understand the decision, because the plaintiff had unmistakably undertaken to enforce a lien under sections 813 et seq., that the court held that "the general attachment law did not authorize an attachment in this case, and the issuance of the writ can be supported only as a proceeding under the statutory provisions regarding claims against vessels." There is nothing in the decision, as we read it, which would prevent a mechanic or laborer from bringing an ordinary action against the owner for labor performed or materials furnished in the repairs of a vessel and obtaining judgment and enforcing judgment by execution as in ordinary cases. In the Jensen case the writ of attachment was attacked but not the

judgment and the court held that because it directed the sheriff to attach any of the property of defendant and not the specific property the subject of the lien, the writ should be dissolved.

We cannot say that the proceedings in the present case show on the part of the plaintiff an intention to pursue the remedy given him by section 813 and the following sections and not under sections 537 et seq., relating to ordinary attachments. Turning to the proceedings, we find: An unverified complaint good in every particular and sufficient under either the general or special statute except if it had been intended to apply to the special statute it should have been verified. So far as the affidavit is concerned, it conformed to the requirements of the general statute and as to the special statute no affidavit is required. (*Jensen* v. *Dorr*, 157 Cal. 437, [108 Pac. 320].) The undertaking followed the form required by the general law and did not conform to the requirements of the special law which provides that the amount shall not be less than five hundred dollars, whereas, in the present case, the amount was two hundred dollars, all that the general law required. The writ followed the general law. It seems to us that defendant has wholly failed to show from the proceedings that plaintiff was endeavoring to enforce a lien under the special law. On the contrary, the proceedings show very clearly that plaintiff was pursuing the remedy given him by attachment under the general law.

The question then is, Could he have an attachment under the general law which required him to make affidavit that the payment of his claim "has not been secured by any mortgage or lien upon real or personal property or by any pledge of personal property"?

The supreme court said, in *Fisk* v. *French*, 114 Cal. 400, [46 Pac. 161]: "What the statute requires to be stated in the affidavit must be stated, and *truly* stated, in the affidavit."

Section 2872 of the Civil Code thus defines a lien: "A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act," and may be either general or special (sec. 2873) and may be created "by contract of the parties" or "by operation of law." (Sec. 2881.) "A special lien is one which the holder thereof can enforce only as security for the performance of a particular act or obliga-

tion, and of such obligations as may be incidental thereto.''
(Sec. 2875.)　What is a lien as contemplated by section 538
of the Code of Civil Procedure?　The question was considered
in *Hill* v. *Grigsby,* 32 Cal. 55, under section 120 of the Prac-
tice Act, which was the same as the present section 538, Code
of Civil Procedure.　In that case there was an unexecuted
contract of sale of land and the vendor undertook to enforce
payment by attachment.　It was held that his lien as vendor
subsisted and was such a lien as was contemplated by the
section of the Practice Act, and hence he could not maintain
an attachment for the purchase money.　The question came
up again in *Porter* v. *Brooks,* 35 Cal. 199.　In that case,
however, the vendee had conveyed to a third party before
action brought against the former by the vendor to recover
the purchase price, and it was held that the vendor's lien
was not ''of such fixed and determinate character as to bar
the plaintiff in such action the right to a writ of attachment.''
The vendor's lien was held to be only an equitable right to
resort to the land for payment, which right was liable to be
defeated by an alienation or encumbrance, made by the
vendee to a *bona fide* purchaser, for value, without notice.
Said the court: ''Is the vendor bound to follow the land with
this equitable lien into the hands of a purchaser from the
vendee and thus test the purchaser's rights, before he can
resort to an attachment against the vendee?　Is this such a
lien as the statute contemplates?　Is it such a lien as secures
the defendant in the sense of the statute?　We think not.''
In a concurring opinion Mr. Justice Sawyer said: ''It seems
to me to be a misnomer to call this imperfect, contingent,
unassignable personal privilege, before suit brought, a present
subsisting lien in any sense.　It is but a possible capacity to
acquire a lien, at some future day.　I cannot think it a 'lien,'
by which a debt can be said to be 'secured,' within the mean-
ing of those terms as used in the Practice Act with reference
to attachments.''　The learned justice distinguishes this ven-
dor's lien from the lien given a bailee for hire, or to the tailor
upon the garment made or repaired, or the jeweler upon the
gem he has set, because the holders of these liens generally
have possession of which they cannot be deprived at law, or
in equity, until the claim is satisfied.　''It requires no future
act to endow this lien with vitality, or fasten it upon the prop-
erty. . . . It is not, therefore, like the vendor's lien, a mere

personal unassignable privilege to acquire a substantial lien at some future time, provided nobody else in the meantime secures a prior right, and defeats the privilege. It is a right *in esse,* and not merely *in posse,* and one of which the lienholder cannot be deprived either in a court of law, or equity, or by the acts of third parties, without his own concurrence. A claim covered by such a lien may well be said to be.'secured.' But in what sense can a vendor's lien be said to secure the purchase money before bill filed?'' Attention is again called to *Hill* v. *Grigsby,* 32 Cal. 55, where the vendor had not conveyed the land but "had a clear, fixed and indefeasible legal right which could not be divested without his consent."

In the present case the record does not show whether or not the vessel was in plaintiff's possession when the writ was served. We assume that it was not, for ordinarily vessels afloat and in service remain in the possession or control of the owner, or master or other agent of the owner. The lien declared by the statute does not depend upon possession of the boat; it exists by virtue of the statute and continues for the period of one year. Unless, however, an action is brought as provided in the several sections relating to actions against steamers, vessels, and boats, or unless the plaintiff, "at the time of issuing the summons, or at any time afterwards," attaches the vessel "as security for the satisfaction of any judgment that may be recovered in the action," it seems to us the lien declared by the statute would not preclude the owner from transferring the vessel to a *bona fide* purchaser for value without notice of the lien, and the lien is not, therefore, of such fixed and determinate character as to take from the plaintiff, in an action such as this, the right to a writ of attachment against the property of the defendant, whether or not the property attached be the vessel on which the repairs were made.

It is true that the law gives the lien but it makes no provision for its enforcement other than by an action brought or attachment sued out as therein directed. As between the party who performs labor, or furnishes materials in the building or repair and the owner of the vessel, the lien and the right to enforce it continue for one year, but, unless fixed and determined by action brought, it is but a floating right; and we do not think the law relating to vessels is or was

intended to be exclusive of all remedies afforded for the enforcement of payment for the labor performed or materials furnished in the building or repair of such vessels. Plaintiff had a right of action independent of this special statute, and was not barred from availing himself of the general law relating to attachments on the assumption that the debt was "secured by mortgage or lien upon real or personal property, or pledge of personal property." The reasoning in *Porter* v. *Brooks,* 35 Cal. 199, seems to apply with controlling force to the case here.

Other questions are discussed in the briefs but the foregoing views make it unnecessary to consider them.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.