MANLIO G. D'ALESSANDRO, Appellant, v. T. H. PICK-FORD, Respondent.

Hunter M. Muir for Appellant.

Dempster McKee and Charles Fox, Jr., for Respondent.

BARNARD, P. J.—This is an action for malicious prosecution. A motion for a nonsuit was granted and the plaintiff has appealed from the judgment.

The appellant, having a written lease, operated a barber shop and beauty parlor in a building owned by the respondent. The respondent held two chattel mortgages on the equipment used in this business, which had been given by the appellant on separate occasions as security for unpaid rent and money loaned. Thereafter, on March 2, 1934, the respondent brought suit in a justice's court for $460 for unpaid rent which had subsequently accrued. In pursuance of a writ of attachment an officer took technical charge of the equipment, remaining in the shop for some five days, although the appellant was allowed to continue his business and even the money in the cash register was not interfered with. On March 7, 1934, as a result of a written agreement entered into between the appellant and the respondent, the attachment was withdrawn and on March 10th the suit was dismissed. This action followed, the appellant modestly asking for damages in the sum of $64,000.

Some contention is made that the respondent failed to specify clearly any grounds in his motion for a nonsuit

and that the court committed prejudicial error in failing to give to the appellant an opportunity to remedy any defects in his proof. Not only does the motion, which appears in the record, fully and specifically set forth the grounds on which it is based, but the rule relied on by the appellant has no application where the motion for a nonsuit was granted. (*Anchester* v. *Keck,* 214 Cal. 207 [4 Pac. (2d) 934].) No request for permission to supply additional evidence was made and no intimation was given, even on the motion for a new trial, that such evidence was available.

█ The appellant's main point is that want of probable cause conclusively appears in that the attachment was based upon a false affidavit. It is argued that the respondent had a lien for his rent under a clause of the lease which read:

"That it is mutually agreed by and between the parties to this agreement the Party of the Second Part may at any time remove from the premises herein above described all of the personal property by him installed, at his own expense, if rent is paid in full."

The court correctly held that this provision did not constitute a lien within the meaning of section 537 of the Code of Civil Procedure. (*Porter* v. *Brooks,* 35 Cal. 199; *Graham* v. *Annis,* 28 Cal. App. 754 [153 Pac. 981]; *Marshall* v. *Luiz,* 115 Cal. 622 [47 Pac. 597]; *Ferguson* v. *Murphy,* 117 Cal. 134 [48 Pac. 1018].) █ There was no dispute in the evidence with respect to the matter of probable cause, and the question was one of law for the court. (*Collyer* v. *S. H. Kress & Co.,* 5 Cal. (2d) 175 [54 Pac. (2d) 20]; *Pacific Nat. Co.* v. *Southwest Fin. Co.,* 4 Cal. App. (2d) 326 [40 Pac. (2d) 862].)

█ It further appears that this action could not be maintained by the appellant since the attachment suit was dismissed as the result of some sort of settlement and compromise agreed upon by the parties. (*Paskle* v. *Williams,* 214 Cal. 482 [6 Pac. (2d) 505].) On May 7, 1934, these parties signed a written agreement admitted in evidence and frequently referred to in the record as "Exhibit F". While we are unable to find this exhibit in the record it does appear that it settled a dispute as to the amount of rent due, that it contained a provision relative to an advance of money to the appellant, and that the attachment was withdrawn and the suit dismissed pursuant to its terms. The exhibit was read to the

jury, was before the court, and any assumptions must be made in favor of the judgment.

It may also be observed that the record is devoid of evidence from which it could be determined what damage, if any, the appellant suffered through the presence of a keeper in his place of business. There is evidence that at times prior to the attachment the appellant drew $50 a week out of the business, which covered the services of himself and his wife, but there is no evidence that this continued to the date of the attachment or was affected thereby. It does not even appear that the business justified the appellant in taking out that amount as the evidence discloses that during the preceding year he had given chattel mortgages totaling about $3,300 for unpaid rent and money advanced which went into the business, that shortly before this attachment was issued another attachment had been levied, that there was then an unsatisfied judgment outstanding against him, that shortly thereafter the gas and electricity were shut off from the premises by reason of his failure to pay utility bills, and that he was then $460 in arrears on rent which had not been secured. Our attention is called to no evidence, and we think there is none in the record, which would have supported a contrary verdict or judgment.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.