458 P.2d 127

Amos KAMINSKI and Cornelia Kaminski, husband and wife, Appellants,

v.

B. B. WALPOLE and Betty K. De Nike, aka Betty K. Walpole, husband and wife, Appellees.

No. 1 CA–CIV 852.

Court of Appeals of Arizona.

Division 1, Department B.

Aug. 28, 1969.

Rehearing Denied Sept. 29, 1969.

Review Denied Oct. 28, 1969.

Brown, Vlassis & Bain, by George E. Hilty, Phoenix, for appellants.

Harold Goldman, Phoenix, for appellees.

HAIRE, Judge.

This is an action in which an ex-tenant seeks to recover damages from his ex-landlord for wrongful attachment and garnishment. Rather than referring to the parties by name or as appellants or appellees, in this opinion the appellants will be referred to as "tenant" and the appellees as "landlord". The trial court granted the landlord's motion for summary judgment, and the tenant appeals.

In ruling on the motion for summary judgment the trial court with the consent of the parties took judicial notice of the record in a prior action between the parties, and considered the affidavits and depositions filed in this action. Considered in a light most favorable to the losing party, the facts show that the tenant had rented a residence from the landlord and the landlord had filed an action against the tenant to recover rent in the amount of $1200.00.

This prior action is hereinafter referred to as the "rent action".

In the rent action the Clerk of the Superior Court had issued a writ of attachment based upon the landlord's affidavit that the payment of the amount claimed " * * * is not secured by any mortgage or lien on any real property or personal property, or any pledge of personal property." Based upon the fact that a writ of attachment had issued, the landlord also obtained the issuance of a writ of garnishment. The writ of attachment was levied upon the tenant's station wagon and the writ of garnishment resulted in the impoundment of tenant's $462.30 bank account. Thereafter the landlord amended his complaint to add counts for additional rent and damages, and obtained judgment against the tenant for $2,561.62. Prior to judgment the attached station wagon had been sold by the sheriff for a net sum of $251.00, and in the judgment provision was made for the application of this sum in partial satisfaction of the judgment. Provision was also made for judgment against the garnishee-bank and for application of that sum against the landlord's judgment. Further, in the rent action judgment, the attachment and sheriff's indemnity bonds were expressly exonerated. No appeal was taken from that judgment.

The tenant was in possession of the leased premises at the time of the issuance of the writ of attachment. Also, at that time the tenant owned and had on the premises nine works of art which the tenant by an uncontroverted affidavit valued at a minimum of $3,750.00. Although the landlord knew that the tenant intended to bring some paintings when he moved into the residence, the landlord did not actually know that the above mentioned paintings were on the premises or the value thereof, at the time of the filing of the rent action.

After the writ of attachment had been levied against the tenant's station wagon, the landlord refused to release it even though the tenant offered other security of a claimed higher value. The tenant did not post a redelivery bond as authorized by A.R.S. Sec. 12–1536.

Tenant's contention that there has been a wrongful attachment and garnishment is based upon the premise that at the time of the filing of the rent action, the landlord had a statutory landlord's lien and therefore could not take advantage of the attachment and garnishment remedies. A.R.S. Sec. 12–1521 authorizes the use of the attachment remedy:

\* \* \* \* \* \*

"1. In an action upon a contract, express or implied, for direct payment of money, where the contract is made or is payable in this state and *is not fully secured by mortgage or lien upon real or personal property or pledge of personal property,* or if originally so secured, such security has, without any act of plaintiff or the person to whom the security was given, become valueless. (Emphasis supplied).

A.R.S. Sec. 12–1522 requires that before issuance of the writ, the plaintiff file an affidavit stating that payment of the debt " * * * has not been fully secured by mortgage, lien or pledge * * *." A.R.S. Sec. 12–1571, sub. sec. A. par. 1, authorizes the issuance of a writ of garnishment "[w]hen an original attachment has been issued." The tenant's basic premise on this appeal is that the landlord's lien constituted security within the meaning of the above mentioned statutes, and that therefore the landlord's affidavit was false, making the attachment and garnishment wrongful.

Provision similar to the provision in Arizona's attachment statute—precluding resort to attachments in actions upon claims which are otherwise secured by mortgage, lien or pledge—appear in the attachment statutes of the following jurisdictions: Alaska, see Alaska Compiled Laws Ann. 1949, Sec. 55–6–61 (1948); California, see Cal.Civ. Procedure Code, Sec. 537(1) (West Supp.1966); Idaho, see Ida.Code, Sec. 8–501(1) (1948); Montana, see Mont.Rev. Codes, Title 93, Ch. 43, Sec. 93–4301 (1964); Nevada see Nev.Rev.Stat., Ch. 31, Sec. 31.–010 (1965 Replacement); Oregon, see Ore.

Rev.Stat., Title 3, Ch. 29, Sec. 29.110(1) (a) (1965 Replacement); Utah, see Rule 64C (a), Utah R.Civ.P. (Utah Code Ann.1953); and Wyoming, see Wyo.Stat.Ann. Sec. 1–226(10), (1957).

Cases from these jurisdictions hold that in order to preclude attachment under this type of statutory provision, the existing security for the plaintiff's claim must be of the kind contemplated by the statute. Porter v. Brooks, 35 Cal. 199 (1868); D'-Alessandro v. Pickford, 22 Cal.App.2d 239, 70 P.2d 646 (1937); Kruger v. Spieth, 8 Mont. 482, 20 P. 664, 3 L.R.A. 291 (1889).; First Nat. Bank of Anchorage v. Pioneer Laundry & Cleaners, Inc., 14 Alaska 89 (1952); Graham v. Annis, 28 Cal.App. 754, 153 P. 981 (1915); 7 C.J.S. Attachments § 17(b) (1937).

A comparison of the attachment provisions of the Arizona statute with the similar provisions in the jurisdictions cited above, reveals that in all the other jurisdictions cited, a plaintiff is prohibited from using the attachment remedy if his debt is "secured" by mortgage, lien or pledge. However, in Arizona such remedy is prohibited only if the debt is "*fully* secured" by mortgage, lien or pledge. A.R.S. Sec. 12–1521.

Is the statutory lien given by A.R.S. Sec. 33–362 [1] the type of lien contemplated by the attachment statute, A.R.S. Sec. 12–1521, Subsec. 1? Prior to the time the landlord seizes the tenant's personalty or reduces it to possession by legal action, is the landlord "*fully* secured" by this statutory lien? "Fully" means "in a full manner", "to a full degree", "completely", "entirely", "thoroughly". Webster's Third New International Dictionary. Prior to the time he reduces it to possession the landlord cannot know what specific property will be found on the leased premises, the amount and value thereof, and whether or not it in fact belongs to the tenant. As stated in Edwards v. Dealers' Ice and Cold Storage Co., 17 Ariz. 98, 148 P. 908 (1915):

"The mortgage or lien securing the payment of any part of the contract sued upon, in order to preclude an attachment for such part of the contract, must be a mortgage or lien of a fixed determinate character, capable of being enforced with certainty, and depending on no conditions." (17 Ariz. at 102, 148 P. at 909).

While in that case the court was considering attachment of personalty covered by a void chattel mortgage, the principle stated is applicable here. Until the landlord actually obtains possession of the tenant's personalty, the landlord cannot be certain that there will actually be any security at all, let alone know the extent or value thereof.

In our opinion, under the facts of this case, the claim of the landlord was not secured by a lien on personal property within the meaning of the attachment statute, and therefore there was no wrongful attachment or garnishment. In view of our conclusion that the attachment was not wrongful, it follows that the trial court was correct in finding that upon the uncontested material facts the landlord was entitled to judgment as a matter of law.

The judgment of the trial court is affirmed.

JACOBSON, Acting P. J., and STEVENS, J., concur.

---

1. "Sec. 33–362. * * *

"A. The landlord shall have a lien on all property of his tenant not exempt by law, placed upon or used on the leased premises, until the rent is paid. The lien shall not secure the payment of rent accruing after the death or bankruptcy of the lessee, or after an assignment for the benefit of the lessee's creditors.

"B. The landlord may seize for rent any personal property of his tenant found on the premises; but the property of any other person, although found on the premises, shall not be liable therefor. If the tenant fails to allow the landlord to take possession of such property, the landlord may reduce the property to possession by an action to recover possession, and may hold or sell the property for the payment of the rent."