[Civ. No. 21026. Third Dist. Apr. 2, 1982.]

JEROME STANLEY et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
SNOWFALL CORPORATION, Real Party in Interest.

**COUNSEL**

Hardy, Erich & Brown, William A. Wilson and Roger T. Stewart for Petitioners.

No appearance for Respondent.

Greisen & Stewart and Paul H. Greisen for Real Party in Interest.

OPINION

**DOZIER, J.**\*—Jerome Stanley and Stanley & Wing, Inc., (hereinafter referred to collectively as Stanley) were the attorneys for the plaintiffs in a municipal court action against Snowfall Corporation. That litigation ended with an award in a judicial arbitration proceeding by which the plaintiffs' claim was denied. The arbitrator did not award costs to either party. Thereafter Snowfall filed a suit for malicious prosecution against the municipal court plaintiffs and their attorney, Stanley. After unsuccessfully moving for summary judgment Stanley petitioned this court for a writ of mandate directing the superior court to grant the motion for summary judgment.

## ISSUE NO. I

*The novel issue presented is whether the civil suit ending in a judgment for the defendant pursuant to the judicial arbitration award is a proceeding with a favorable termination that will permit an action for malicious prosecution by said defendant.*

■ In order to establish a cause of action for malicious prosecution of a civil suit a plaintiff must plead and prove (1) a prior judicial proceeding, (2) favorably terminated, and (3) that the proceeding was brought maliciously and without probable cause. (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; *Minasian v. Sapse* (1978) 80 Cal.App.3d 823, 825 [145 Cal.Rptr. 829].) ■ An attorney who prosecutes a civil action may be subject to suit for malicious prosecution where he either proceeds with a claim that a reasonable lawyer would not regard as tenable or proceeds with the action after unreasonably neglecting to investigate the facts and the law. (*Norton v. Hines* (1975) 49 Cal.App. 3d 917, 924 [123 Cal.Rptr. 237].)

■ The purpose of the requirement of a favorable termination is that it tends to indicate the innocence of the accused in a criminal case, or the absence of defendant's liability in a civil case, and coupled with the other elements of lack of probable cause and malice establishes the tort. (*Jaffe v. Stone* (1941) 18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775]; *Minasian v. Sapse, supra*, 80 Cal.App.3d at p. 826.) It is not necessary that there be a verdict or final determination on the mer-

---

*Assigned by the Chairperson of the Judicial Council.

its, it is sufficient that it be shown that the former proceeding has been legally terminated. (*Ibid.*) A termination without a trial on the merits may be a favorable termination of the litigation if it is of such a nature as to indicate the innocence or freedom from liability of the defendant. However, a termination on technical grounds, for procedural reasons, or for any other reason not inconsistent with guilt is not a favorable termination such as will support an action for malicious prosecution. (*Jaffe*, at p. 150.)

On initial consideration it seems obvious that the proceeding in question here falls within the classical framework of the malicious prosecution tort. A civil suit was brought for damages by plaintiff against defendant. At the request of the plaintiff it was submitted to statutory judicial arbitration (see Code Civ. Proc., §§ 1141.10-1141.32). The arbitration decided plaintiff recover nothing. Plaintiff did not exercise his statutory and unconditional power to reject the arbitration award so judgment was entered for defendant. Defendant claims the original action was brought maliciously and without probable cause. All the prerequisites of a malicious prosecution seem to be present.

Defendant in the malicious prosecution action, however, attacks this syllogism on the asserted basis the civil action did not have the "favorable termination" for the original defendant required in an action for malicious prosecution.

The type of litigation terminations which may be considered favorable to the defendant may be illustrated through example. In *Jaffe* v. *Stone, supra*, 18 Cal.2d at pages 149-152, the court held a dismissal of a criminal action by a magistrate for lack of probable cause is a favorable termination even though the action may be recommenced by complaint or indictment. In *MacDonald* v. *Joslyn* (1969) 275 Cal.App. 2d 282, 289 [79 Cal.Rptr. 707, 35 A.L.R.3d 641], the court *held a voluntary dismissal without prejudice* of a civil suit is a favorable termination. In *Minasian* v. *Sapse, supra*, 80 Cal.App.3d at page 827, the court held a dismissal for *failure to prosecute* under Code of Civil Procedure section 583, subdivision (a), is a favorable termination of the litigation.

The reason the terminations in *Jaffe, MacDonald*, and *Minasian*, were considered favorable terminations is because they reflected the opinion of someone, either the trial court or the prosecuting party, that the action lacked merit or if pursued would result in a decision in favor

of the defendant. (See *Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 750 [159 Cal.Rptr. 693, 602 P.2d 393].)

Where the termination cannot be so construed then it is not a favorable termination. Thus, a judgment of dismissal on the ground of the statute of limitations is not a favorable termination for the defendant within the context of a malicious prosecution action because it does not reflect at all upon the substantive merit of the alleged claim. (*Id.*, at pp. 751-752.)

■ When the reasoning of the above cases is applied to the issue in question it is clear defendant has merely demonstrated that a factual dispute exists as to whether the arbitration award (and judgment) was decided on a basis that constituted a termination favorable to the defendant in the original civil suit. Thus, summary judgment cannot be granted because the arbitration award may or may not be a "favorable termination" depending upon the resolution of the factual dispute at trial.

■ Judicial arbitration in a municipal court action proceeds pursuant to local rule requiring such arbitration. (Code Civ. Proc., § 1141.11, subd. (c); Cal. Rules of Court, rule 1600(e).) The decision of the arbitrator is a decision upon the law and the facts of the case and determines all issues properly raised by the pleadings, including damages and costs where appropriate. (Cal. Rules of Court, rules 1614(a)(7) and 1615(a).) If the losing plaintiff chooses not to request a trial de novo within 20 days after the arbitration award is filed, *the decision of the arbitrator becomes final and has the same force and effect as a judgment in the action.* (Code Civ. Proc., §§ 1141.20, 1141.23.) Where, as here, the decision of an arbitrator in favor of the defendant is allowed to become final it reflects the opinion of the arbitrator that the plaintiffs' claim is without merit, and the lack of a request for a trial de novo, *like a voluntary dismissal*, reflects the opinion of the plaintiff further prosecution is not wise or useful. It is thus logically a favorable termination for purposes of a malicious prosecution action. (See *Lackner* v. *LaCroix, supra*, 25 Cal.3d at p. 750.)

■ However, in support of the motion for summary judgment, Stanley asserted the arbitration award should not be construed as a finding in favor of Snowfall because it merely reflected his inability to prove damages and not a finding that Snowfall was not guilty of misconduct. He further asserted that his failure to request a trial de novo should not be construed as a belief the suit lacked merit, since he had

discovered Snowfall was a shell corporation without assets, and thus judgment proof, and he simply determined further prosecution was not worthwhile in view of his inability to satisfy a resulting judgment. However, these arguments merely raise a factual issue as to the reasons for the termination of the litigation. A conflict which is a question of fact is not a predicate for summary judgment. (See *Weaver v. Superior Court* (1979) 95 Cal.App.3d 166, 186-187 [156 Cal.Rptr. 745].)

## ISSUE NO. II

*Should an exception to the availability of a malicious prosecution action be judicially created if a civil suit terminates in accordance with a judicial arbitration award?*

■ Stanley asserts that even if a decision in a judicial arbitration proceeding is, as to the defendant, a favorable termination of the litigation, it should not support an action for malicious prosecution for policy reasons. He relies upon *Pace v. Hillcrest Motor Co.* (1980) 101 Cal. App.3d 476 [161 Cal.Rptr. 622]. There, Hillcrest had pursued a small claims action against Pace for $167.33, and after judgment was entered in his favor Pace brought a malicious prosecution action against Hillcrest for $105,000. The court held that the institution of a small claims proceeding will not support an action for malicious prosecution. (*Id.*, at p. 479.) Stanley contends the policy factors which applied in *Pace* to small claims actions apply as well to judicial arbitration.

In reaching its decision in *Pace* the court noted that small claims proceedings are designed to provide an inexpensive and expeditious means to settle small disputes, because when small amounts are involved ordinary litigation fails to achieve practical justice *since the time and expense involved is so disproportionate to the amount at issue that legal resolution of the dispute is discouraged.* (*Id.*, at p. 478.) As a result, a small claims action is designed to be quick and informal; there are no attorneys involved, no pleadings, no legal rules of evidence, no juries and no formal findings. (*Id.*, at p. 479.) The judge is permitted to informally investigate the controversy, and although the award is made in accordance with substantive law, it is based upon the application of common sense, and the spirit of compromise and conciliation attends the proceedings. (*Ibid.*) The court concluded (at p. 479): "To permit an action for malicious prosecution to be grounded on a small claims proceeding would frustrate the intent of the Legislature in adopting an expeditious and informal means of resolving small disputes, would inject

into a simple and accessible proceeding elements of time, expense, and complexity which the small claims process was established to avoid, and would require a prudent claimant to consult with an attorney before making use of this supposedly attorney-free method for settling disputes over small amounts."

Stanley further argues that in providing for judicial arbitration the Legislature declared its intent in language not unlike the purposes of small claims proceedings. (Code Civ. Proc., § 1141.10.) Thus the Legislature declared: "The Legislature finds and declares that litigation involving small civil claims has become so costly and complex as to make more difficult the efficient resolution of such civil claims that courts are unable to efficiently resolve the increased number of cases filed each year, and that the resulting delays and expenses deny parties their right to a timely resolution of minor civil disputes. The Legislature further finds and declares that arbitration has proven to be an efficient and equitable method for resolving small claims, and that courts should encourage or require the use of arbitration for such actions whenever possible." (Code Civ. Proc., § 1141.10, subd. (a).) The Legislature further expressed the intent that arbitration hearings should provide parties with a simplified and economical procedure for obtaining prompt and equitable resolution of disputes; and such hearings should be as informal and private as possible. (Code Civ. Proc., § 1141.10, subds. (b)(1) and (b)(2).)

Stanley further points out there is no written record of small claims or judicial arbitration proceedings.

While we acknowledge there are similarities in procedure and purpose of small claims and arbitration proceedings, in the context of malicious prosecution tort analysis, the differences between *initiation* of a small claims action and *termination of an initiated civil action by arbitration* are so substantial the superficial analogy does not justify this court in making the same policy decision as in *Pace.*

The most significant distinction is that *Pace* concerns whether the type of *proceeding* brought causes sufficient harm to justify a malicious prosecution action while the present case concerns whether the particular type of *termination* of a proceeding should bar a malicious prosecution action already justified. This difference is crucial when one considers the major purposes explained by the courts for the creation and continuation of the ancient tort of malicious prosecution.

These purposes are to recompense a defendant sued in a malicious and baseless legal action for: (1) his attorney fees; (2) his costs; (3) his psychic damage from the shock of the unfounded allegations in the pleadings; and (4) the loss of his reputation in the community as a result of the filing and notoriety of the base allegations in the pleadings which are public records. (*Bertero* v. *National General Corp., supra*, 13 Cal.3d at pp. 50-51.)

In *Pace*, none of these injuries resulted from the filing of the small claims action as there were no pleadings, no attorneys and no costs.

In contrast, here the suit was filed as a normal civil action. The public pleadings contained the false allegations which Snowfall claims were shocking and harmful. Attorneys were hired. Extensive discovery with its attendant costs was performed. All of the traditional damages are thus assertedly present. To deny the injured party a chance to recover because the arbitration award in his favor was accepted by the other side (which acceptance had no effect in eliminating the damages that had already occurred) on the basis of an analogy to *Pace* where the filing of the small claims action caused none of these damages, is against logic, common sense and justice.

While the efficient and economical resolution of disputes is the goal of both small claims proceedings and judicial arbitration, that may be said to be the ultimate goal of all legal proceedings. It is the differences between small claims proceedings and actions terminated by judicial arbitration that convince us the *Pace* reasoning is inapplicable to judicial arbitration. In a small claims action no attorney is permitted, while in judicial arbitration the right to an attorney is expressly provided for. (Cf. Code Civ. Proc., § 117.4 with Cal. Rules of Court, rule 1610.) In a small claims proceeding the rules of evidence are relaxed with express provision for informal investigation of the matter by the judge, while in judicial arbitration the rules of evidence are applicable (with certain exceptions where formality is still retained). (Cf. Code Civ. Proc., § 117 with Cal. Rules of Court, rule 1613.) There is no provision for formal discovery in a small claims action, while in judicial arbitration proceedings the right to discovery is retained. (Cal. Rules of Court, rule 1612.) While there is no pleading in a small claims action, judicial arbitration goes forward only after an action is brought to issue through normal judicial pleading. (Code Civ. Proc., § 1141.16, subd. (a).)

These are all differences which justify our holding that the analogy of *Pace* lacks persuasive value in deciding whether malicious prosecution should be permitted to be based on a civil action terminated by a favorable judgment following judicial arbitration.

In *Hardy* v. *Vial* (1957) 48 Cal.2d 577 [311 P.2d 494], the court was called upon to determine whether the malicious prosecution of an administrative proceeding would support a subsequent action for malicious prosecution. The court stated (at pp. 580-581): "The theory of these authorities is that the same harmful consequences may result from the malicious institution of administrative proceedings as from judicial proceedings maliciously begun, whether criminal or civil in nature. . . . [I]t makes little difference to a person whether his rights are violated by the institution of proceedings before a court or before an administrative body, and his right to redress for malicious conduct should not depend upon the form of the proceeding by which the injury is inflicted."[1]

The analogy of *Hardy* is much closer than *Pace*. Snowfall has suffered the damages for which malicious prosecution actions are intended to provide recompense. It should matter little whether it prevailed in the municipal court by a judgment after arbitration award or through a judgment after trial. If it can prove that its injuries were maliciously inflicted then it is entitled to recover for those injuries.

A subsidiary argument advanced by Stanley is that the lack of a record in an arbitration proceeding makes it more difficult for the plaintiff to prove the allegation of a lack of probable cause in the subsequent malicious prosecution action than in a like action after a trial because the transcript of the trial may be examined as an aid to deciding whether there was probable cause.

It is curious for Stanley to argue that Snowfall should not be permitted to bring a malicious prosecution action because the lack of a record will make it more difficult for Snowfall to prove its case. This would seem to be Snowfall's problem, not Stanley's.

---

[1]*Hardy* also resolves a subsidiary contention of Stanley here, to wit, that the arbitration award should not support a malicious prosecution action, because as a decision subject to nullification in a court trial de novo it was not a "final determination." The court in *Hardy* expressly refused to distinguish actions before administrative boards that have final adjudicatory powers and those *whose decisions are subject to a trial de novo by a court.* The distinction was declared "unsound in principle and if adopted would result in unnecessary complexity and confusion" in reference to malicious prosecution. (48 Cal.2d at p. 581.)

In any event, in the situation of a voluntary dismissal by the original plaintiff where there is even less of a record than after judicial arbitration, the courts have long held that malicious prosecution actions may follow. (*MacDonald* v. *Joslyn, supra*, 275 Cal.App.2d at p. 289.)

The only contention of Stanley which has given the court concern is his argument that a decision adverse to him here will interfere with the functioning of the judicial arbitration procedure in California.

If we thought this likely we would have to balance the injury done to the useful judicial arbitration scheme and the consequent damage to the public and litigants against the loss to society and litigants of the partial elimination of malicious prosecution actions.

Fortunately, we do not have to perform this formidable task because we find no substantial likelihood of interference with the judicial arbitration process.

If plaintiff has brought a meritless case, he is already exposed to a malicious prosecution suit via trial or voluntary dismissal. He loses nothing by requesting judicial arbitration. He might "luck out" and win. If he loses, he can reject the award and ask for a trial.

Stanley argues this last possibility manifests a clear indication of interference with the judicial arbitration process because no losing party will accept the award out of fear of a malicious prosecution suit.

This contention has a certain plausibility but is fatally flawed in three regards, to wit:

1. The argument has too broad a sweep and would logically apply to prevent malicious prosecution actions after trials themselves because the losing party would not accept the judgment and would always appeal in order to avoid or delay malicious prosecution actions. The courts have not considered it good policy to bar the injured party's right to institute a malicious prosecution action in order to encourage the losing party to accept the unfavorable judgment without appeal.

2. If Stanley's argument is sound then the party who *won* the arbitration award would not be able to accept if he wished to preserve his right to initiate malicious prosecution litigation, so the increase in the num-

ber of losers accepting the arbitration award would be balanced by the number of winners not accepting.

3. Most importantly, in view of the way the judicial arbitration process is working in the trial courts, a decision here adverse to Stanley will not in our opinion materially affect the acceptance rate.

Malicious prosecution actions cannot follow an agreed-upon settlement because this is not considered a "favorable termination" to the defendant. (52 Am.Jur.2d, Malicious Prosecution, § 43, p. 211; *D'Alessandro* v. *Pickford* (1937) 22 Cal.App.2d 239 [70 P.2d 646]; (1929) 67 A.L.R. 513.) (Compare the rule after voluntary dismissals, p. 465, *ante.*)

Judicial arbitration procedure constitutes a minitrial that is in effect a continuation of the settlement negotiation process. It provides a neutral view from an authoritative figure which makes it easier for the attorneys to obtain a client's approval of reasonable settlement. Unfavorable arbitration awards may, and usually are, rejected. But long before the requested trial de novo most cases are settled, usually along the lines suggested by the arbitration award.

Thus, in our opinion, in the vast majority of cases the settlement process, which is the main purpose of the arbitration procedure, would continue unaffected by whatever rule we establish for malicious prosecution suits.

The position which Stanley urges that we take would result in three curious anomalies.

First, it would put a plaintiff who brought a malicious, groundless action in a better position if he pursued it to an unfavorable arbitration than if he voluntarily dismissed (and thus reduced the harm to the defendant) as soon as he perceived it was a loser. We have noted that a malicious prosecution action may be supported where a civil litigant voluntarily dismisses the action, or the action is dismissed for lack of prosecution. Such an action would also be available where the matter is dismissed after a demurrer or summary judgment. The municipal court action which is the basis of Snowfall's action proceeded beyond those points. To provide immunity from malicious prosecution for a plaintiff who pursues his cause to an unfavorable arbitration award and judgment would encourage continued litigation (rather than the prompt dismissal of a meritless action). Such a result would work contrary to

the expressed purpose of judicial arbitration proceedings and would further promote the evils Stanley asserts as reasons for the rule he urges.

Second, as explained above, it would necessitate that the party who won the arbitration award reject it in order to preserve his right to malicious prosecution.

It will not be easy for an attorney to explain to his client that "we won the arbitration award but we have to reject it." The bewilderment of the client will change to consternation if he loses the subsequent de novo trial.

Absurdities in the law should be avoided to preserve what authority and prestige the courts have left with the citizenry after their promulgation and infinite exegesis of the exclusionary rule.

Third, if we adopt Stanley's contention, we will create a perfect escape hatch for all plaintiffs filing actions that are subject to mandatory (but not binding) judicial arbitration. (Code Civ. Proc., § 1141.20.)

A plaintiff can bring such an action without any basis at all, cause the defendant anguish and expense, lose, as expected, the arbitration, accept the award, and blithely "thumb his nose" at the defendant. Surely it was not the intent of the Legislature in creating the judicial arbitration system to carve out a category of actions which, no matter how groundless, could never support a malicious prosecution action.

The result should not be different because the original plaintiff requested the judicial arbitration rather than having it mandated. He also should not be able to create his own escape hatch.

We conclude that policy reasons do not dictate that a malicious prosecution action must be barred when the prior litigation is terminated after judicial arbitration.

## ISSUE NO. III

*Has the denial by the arbitrator of costs to the winning defendant any bearing on the conclusion we have reached in re the availability of malicious prosecution action?*

■ Stanley finally argues that even if the malicious prosecution action may otherwise be pursued after a judicial arbitration award, it is improper in this case because the arbitrator denied costs to Snowfall. On the standard form for arbitrator awards used by the Sacramento County Superior Court and used by the arbitrator in the municipal court action, which is the basis for the malicious prosecution suit, there is a line which provides: "Costs are awarded to _____ in the sum of $_____ ." The arbitrator in the municipal court action interlineated that line to read: "Costs are not awarded to either party in the sum of $XXXX." Stanley contends this action was a finding against Snowfall on the merits of the dispute and that the denial of damages to plaintiffs must have been for technical or procedural reasons.

California Rules of Court, rule 1614(8), provides that an arbitrator has the power to award costs, *not to exceed the statutory costs of suit.* Rule 1615(a) provides that the award of the arbitrator shall determine all issues raised by the pleadings, including an award of costs *"if appropriate."* (Italics added.) The law concerning costs in a municipal court *trial* involving a claim for damages are set forth in Code of Civil Procedure section 1031. That section provides, with exceptions not applicable here, that the *prevailing party is entitled to costs.* Where the decision is in favor of the defendant on a claim for money damages, the defendant is the prevailing party and is entitled to costs as a matter of law after trial by court. (See *Gerstein v. Smirl* (1945) 70 Cal.App.2d 238, 240 [160 P.2d 585].) This is true regardless of whether the decision is one on the merits. (Code Civ. Proc., § 1031, subd. (a); *MacLeod v. Tribune Publishing Co.* (1958) 157 Cal.App.2d 665, 668 [321 P.2d 881].)

It is arguable then that the arbitrator here had the obligation to award costs to the prevailing defendant as the trial court would have. However, it is also arguable that the arbitrator has discretion to not allow costs to the prevailing party because of the phrase "if appropriate" in rule 1615(a) and the language in re "costs not to exceed statutory costs" in rule 1614(8) (implying that an arbitrator has power to give less). The arbitrator, as a tactical ploy, may often wish to deny or reduce costs to the prevailing party in order to induce mutual acceptance of the award (or settlement along the lines of the award).

This interesting issue is not ripe for our decision as it is not a contention on appeal nor has it been briefed by either party.[2]

---

[2]The issue is not discussed by John Toker in his treatise on arbitration, *California Arbitration Practice Guide* (1980 Lawpress), nor do the various local rules quoted therein mention it.

The municipal court action, which is the basis for the malicious prosecution suit, was a claim for money damages by the plaintiffs against Snowfall. The arbitrator found *in favor of defendant Snowfall* and awarded no damages to the plaintiffs. Snowfall was thus the prevailing party and was entitled to costs.

The only conclusions that could be drawn from the arbitrator's award denying costs are either that Snowfall waived costs, or the arbitrator erred, or the arbitrator decided not to award costs, because he wished to encourage the losing plaintiff to accept the award (or settle the case along similar lines), not that the failure to award costs indicated a belief by the arbitrator that he erred in his decision on the merits. Accordingly we cannot construe the arbitration award to have been unfavorable to Snowfall because no cost award was made.

The petition for a peremptory writ of mandate is denied. The alternative writ previously issued is discharged with the finality of this opinion without further notice of the court.

Regan, Acting P. J., and Blease, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 23, 1982.