137 Ariz. 347 (1983)
670 P.2d 746
Harvey GOODMAN; Steven Herron; Harriett Herron; Robert A. Marshall; Evelyn G. Marshall; and Harry der Boghosian, Petitioners,
v.
SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF PIMA; and Commissioner Lawrence K. Bret Harte, Pima County Court Commissioner; and Tucson Memorial Park, Inc., an Arizona corporation; and Cienega, Ltd., an Arizona corporation, Real Parties in Interest, Respondents.
No. 2 CA-CIV 4839.
Court of Appeals of Arizona, Division 2.
September 9, 1983.
*348 Johnston & Grynkewich by Gary S. Grynkewich, Tucson, for petitioners.
Waterfall, Economidis, Caldwell & Hanshaw, P.C. by John N. Iurino, Tucson, for real parties in interest.
OPINION
HATHAWAY, Judge.
Petitioners are the defendants in a pending declaratory judgment action filed by the real parties in interest seeking a judicial declaration that a covenant as to certain real property, executed by Tucson Memorial Park as covenantor, was not enforceable as to the subject real property. The purpose of the lawsuit was to permit residential development of a portion of the property since plaintiff Cienega Corporation had entered into an agreement to purchase the property from plaintiff Tucson Memorial Park for the purpose of constructing a residential development. Petitioners filed a motion to dismiss pursuant to Rule 12(b)(6), Rules of Civil Procedure, 16 A.R.S., and appended a series of exhibits to their motion. Plaintiffs responded and also moved to certify the action as a class action. The latter motion was granted and the motion to dismiss was denied. Since petitioners have no plain, speedy and adequate remedy by appeal, and because our granting of relief will terminate this litigation, we assume jurisdiction. Lim v. Superior Court in and for Pima County, 126 Ariz. 481, 616 P.2d 941 (App. 1980).
The complaint alleged that the action was brought for the purpose of having the court declare that a restrictive covenant did not preclude residential development of a portion of the property consistent with its zoning, or in the alternative, to declare that the restrictive covenant had been abandoned or extinguished with respect to a portion of the property. It further alleged that prior to January 20, 1971, the property was zoned R-1 and in late 1970 and early 1971, Tucson Memorial Park applied to the City of Tucson for rezoning to R-2 to permit the property to be used as a memorial park. Rezoning was granted by the city on condition that Tucson Memorial Park execute a covenant restricting its use of the property solely to a memorial park and related services. (A copy of the covenant was attached as an exhibit to the complaint.) Subsequent to rezoning and execution of the covenant, Tucson Memorial Park determined that it did not need and could not use a portion of the property in connection with its memorial park business and therefore entered into the agreement with Cienega.
On June 28, 1982, the City of Tucson released the subject property from the covenant by resolution which recited that the mayor was directed to execute a partial release of covenant. Pursuant to the resolution, the mayor executed a partial release. Count One of the complaint alleged that this release operated to release the subject property from the covenant and permitted its use consistent with its R-2 zoning classification. Count Two alleged that the purpose of the covenant was to protect against adverse impact from the use of property as a memorial park and was not intended to preclude residential development of the property consistent with its zoning. Count Three alleged that Tucson Memorial Park's decision not to use the property as memorial park had rendered the protection of the covenant unnecessary. Also, conditions respecting the property had changed so drastically that the object of the covenant had been rendered unnecessary, therefore justifying a declaration that it be declared abandoned or extinguished.
The covenant provides:
"3. That the premises shall be restricted solely to memorial park and services related thereto."
It recites as its reason:
"That these covenants are imposed upon the premises in relation to a request for a rezoning of the premises from R-1 to R-2 in Case C9-69-35, Tucson Memorial Park-Grant Road rezoning, which will allow all of said premises to be devoted to cemetery and related uses, and that the walls and foliage are needed to buffer the maintenance and related areas from adjacent *349 residential properties, to avoid excessive number of structures, and to avoid the use of said premises in a manner that would be offensive to the surrounding areas."
It further recited that the benefits of the covenants were to run in favor of the City of Tucson, both as a municipal corporation and as trustee, and to the owners and occupants of real property within a radius of 200 feet from the exterior lines of the premises. The covenant was to run for 20 years from the date of execution.
We agree with petitioners that the respondent court erred in denying its motion to dismiss for failure to state a claim for relief.[1] The complaint itself admitted that rezoning was approved on condition that Tucson Memorial Park execute a covenant restricting its use of the property to a memorial park and the services related thereto. The executed covenant, which was presented to the respondent court, complies with this requirement. The language of the covenant is clear  it excluded the use of the property for anything other than memorial park and services related thereto. Contrary to the plaintiffs' contention, nothing more had to be said about its use for residential development. The language of the covenant is clear and unambiguous and therefore it must be given effect as it is written. Hadley v. Southwest Properties, Inc., 116 Ariz. 503, 570 P.2d 190 (1977).
The "partial release" of the covenant by the City of Tucson did not purport to, and in fact, could not, extinguish the interest of the property owners in maintaining the covenant intended for their benefit.
Count Three of the plaintiffs' complaint alleged as an alternative ground for relief that the circumstances respecting the use of the property had changed so substantially as to render the operation of the covenant oppressive and inequitable. We are committed to the rule that equity will enforce the terms of restrictive covenants unless the changes in the surrounding areas are so fundamental or radical as to defeat or frustrate the original purposes of the restrictions. Decker v. Hendricks, 97 Ariz. 36, 396 P.2d 609 (1964); Riley v. Stoves, 22 Ariz. App. 223, 526 P.2d 747 (1974). The only evidence was that the City of Tucson had approved a zoning change to R-2 residential. A zoning change is merely some evidence as to the most economical use to which the property could be put. Decker, supra. The only change of condition is that Tucson Memorial Park is confined to using the property for a memorial park instead of for residential development. A mere change in value does not justify removal of a restrictive covenant. Murphey v. Gray, 84 Ariz. 299, 327 P.2d 751 (1958). The "change of condition" theory was not available to the plaintiffs.
Petitioners established that the declaratory relief sought by the plaintiffs was not available and that plaintiffs' property was restricted to use as a memorial park and services related thereto. The respondent court is therefore directed to enter an appropriate order of dismissal.
HOWARD, C.J., and BIRDSALL, J., concur.
NOTES
[1] Since matters outside the pleadings were presented to and not excluded by the court, the motion should have been treated as one for summary judgment and disposed of as provided in Rule 56. Rule 12(b), Rules of Civil Procedure, 16 A.R.S.