722 P.2d 274

James L. FREY, M.D.; Grant A. Hertel, M.D.; Bernard E. Levine, M.D.; David R. Long, M.D.; John F. Murphy, M.D.; Philip J. Rubin, M.D.; George L. Sibley, M.D.; S. Sridhar, M.D.; Peter R.S. Thomas, M.D.; and Gregory B. Wingate, M.D., Plaintiffs-Appellants,

v.

Martin L. STONEMAN and Jane Doe Stoneman, his wife, Defendants-Appellees.

No. 18367–PR.

Supreme Court of Arizona, En Banc.

July 2, 1986.

Teilborg, Sanders & Parks by Frank A. Parks, Richard A. Kent, Phoenix, for plaintiffs-appellants.

Monbleau, Vermeire & Turley by Albert R. Vermeire, Christopher J. Bork, Phoenix, for defendants-appellees.

FELDMAN, Justice.

The issue in this case is whether a dismissal constitutes a "favorable termination" of a medical malpractice proceeding for purposes of a subsequent malicious prosecution action brought against the attorney who had filed the previous malpractice claim. The trial judge found that the malpractice action had been dismissed without consideration of its merits. He held, therefore, that the prior proceeding had not

been favorably terminated and dismissed the malicious prosecution case. The court of appeals affirmed, *Frey v. Stoneman*, 150 Ariz. 163, 722 P.2d 331 (App.1985). Because this is a matter of first impression we accepted review pursuant to Rule 23, Ariz.R.Civ.App.P., 17A A.R.S. We have jurisdiction under Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## FACTS

In September 1981, attorney Martin L. Stoneman filed a medical malpractice action, alleging that Good Samaritan Hospital, thirteen individual physicians and the Arizona Health Plan negligently caused the death of his client's husband.[1] On January 22, 1982, after limited discovery, attorney Frank Parks filed a motion for summary judgment on behalf of the Health Plan and eleven of the defendant physicians (the "doctors").[2] The hospital and two other physicians (the "Good Samaritan defendants") were represented by separate counsel.

Four days later, Parks' associate wrote a letter to Stoneman suggesting that the malpractice claims against the doctors be dismissed voluntarily to save both sides the time and expense of continuing litigation. Stoneman responded that he had obtained permission from his client to dismiss all claims against all defendants. Stoneman stated in his response that Parks had indicated during a telephone conversation that the doctors would not agree to dismissal. Stoneman asked for clarification. On February 25, Parks answered as follows:

Dear Mr. Stoneman:

... As you are aware, the Defendants in this case have always taken the position that they did nothing wrong ...

---

1. From the record in the underlying malpractice action it appears that the decedent had a history of heart trouble. He developed encephalitis and had a brain abscess. He was hospitalized and during his stay suffered a cardiac arrest and died. His wife thought that the doctors had negligently administered adrenaline to him and caused his death. Allegedly without investigating, Stoneman sued all the doctors whose

names appeared in the file, including the pathologist who performed the autopsy and a hematologist whose name appeared on the lab reports.

2. The "doctors" were defendants in the malpractice action and are plaintiffs in this action. Hopefully, we avoid confusion by referring to them as "doctors" in both cases.

I have no objection to your stipulation for dismissal with prejudice as to Good Samaritan Hospital. As I told you during our lengthy telephone conversation a short time ago, I wish to have the motion for summary judgment ruled upon by Judge Stover. My clients are interested in having a resolution on the merits and for that reason, since these motions have already been prepared and filed, I see no reason why they cannot be heard by Judge Stover. If it is the wish of your client and yourself to have the matter quickly resolved as to my clients, it would seem that a simple phone call to Judge Stover would result in her granting my motion for summary judgment. I confirmed to you by phone that the Mutual Insurance Company of Arizona had incurred the costs in this case and under the circumstances of [your client's] financial condition, MICA had agreed not to pursue their collection of costs....

My clients are very much in favor of an immediate dismissal and this can be accomplished probably within five minutes by your calling Judge Stover to advise her that you do not oppose our motion for summary judgment.

On March 15, Stoneman filed a motion to dismiss the complaint and a motion to continue all other proceedings pending a hearing on his motion to dismiss. The doctors did not respond or object and did not appear at the hearing on Stoneman's motion. On March 19, Judge Pickrell approved a stipulated dismissal between Stoneman's client and the Good Samaritan defendants and granted Stoneman's motion to dismiss as to "all other defendants not covered in the stipulation." These "other defendants" were the doctors represented by Parks. Parks thereafter prepared a formal order of dismissal stating that the action was "dismissed with prejudice as to all parties, each party to bear his own costs." Judge Pickrell signed that order on March 23, 1982.

Parks also had written to Judge Pickrell on March 22, stating that the motion for summary judgment was still pending, that Stoneman had no objection to the court granting it and that the court should enter the form of judgment which he enclosed and which granted the doctors judgment and awarded them their costs. Parks did not send a copy of this letter to Stoneman. On April 2, Judge Pickrell signed Parks' form of judgment. As a result, there were two conflicting judgments: one (on stipulation as to some defendants and non-appearance as to others) dismissing the complaint as to all defendants and awarding no costs, the other granting summary judgment in favor of the doctors and awarding them costs.

Finally, on October 22, the doctors revealed the underlying purpose of these maneuvers and filed this action for malicious prosecution against Stoneman. Stoneman moved pursuant to Rule 12(b)(6), Ariz.R. Civ.P., 16 A.R.S.,[3] to dismiss the malicious prosecution action, arguing that favorable termination was a necessary element for the subsequent malicious prosecution action and that voluntary dismissal with prejudice was not a favorable termination.

Finding that there was "no explicit consideration of the merits" in the medical malpractice action, the trial court held that voluntary dismissal was not a termination in the doctors' favor. Stoneman's motion to dismiss the malicious prosecution case was therefore granted. Plaintiffs appealed and the court of appeals affirmed on the same grounds. 150 Ariz. at 165, 722 P.2d at 333. We accepted review.

## DISCUSSION

### 1. *Procedure*

■ Initially, we must dispose of a procedural matter alluded to by the plaintiff doctors. As noted, the trial court granted Stoneman's motion to dismiss the malicious prosecution action under Rule 12(b)(6). In Stoneman's motion he referred the judge to the file in the underlying action. Also, the doctors attached exhibits to their response to the motion to dismiss, and Stoneman

---

**3.** Arizona Rules of Civil Procedure, 16 A.R.S., will hereafter be referred to as Rule _____.

attached exhibits to his reply. In the minute entry of January 4, 1983, the trial judge stated that he had read the file in the underlying action as well as all the pleadings in the present action and found that "there appear[ed] to [have been] no explicit consideration of the merits" of the underlying action. He therefore dismissed the present case with prejudice. Because evidence extrinsic to the pleadings was offered to and relied on by the trial judge in making this decision, the motion to dismiss should have been treated as one for summary judgment.[4] *Goodman v. Superior Court,* 137 Ariz. 348, 350, 670 P.2d 746, 748 (App.1983); *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 585 F.2d 454, 456 (10th Cir.1978); *see* Annot. 2 A.L.R. Fed. 1027 (1969).

Since the motion to dismiss should have been treated as a motion for summary judgment, the proper inquiry is whether there were genuine issues of material fact; only if there were none might Stoneman have been entitled to judgment as a matter of law. Rule 56(c). Thus we are faced with two issues. First, as a purely legal matter, can a voluntary dismissal with prejudice constitute a favorable termination for purposes of a malicious prosecution action? If so, are there genuine issues of material fact in this case which precluded the granting of summary judgment on this issue?

### 2. *Nature of the Action*

This case was pleaded, tried and appealed under the rubric of "malicious prosecution," a term originally used in the law of torts to describe a damage action brought against one who had maliciously caused the institution of criminal proceedings without

probable cause. *See* W. PROSSER & W. KEETON, LAW OF TORTS § 119 at 870 (5th ed. 1984). This action, which began as a remedy for unjustifiable criminal proceedings, was extended to include wrongful initiation of civil suits. *Id.,* § 120 at 889. While not recognized in all jurisdictions, or in relation to all types of wrongfully instituted civil proceedings, *Id.,* § 120 at 891, it has been recognized in Arizona. *See Ackerman v. Kaufman,* 41 Ariz. 110, 15 P.2d 966 (1931). We are not asked to define the limits of the cause of action in the case at bench, and do not do so. We restrict our consideration to the "favorable termination" element.

### 3. *Favorable Termination*

A plaintiff presenting a claim for malicious prosecution must establish the following elements: that a prior prosecution terminated in favor of the plaintiff, that the defendant was the prosecutor, that it was actuated by malice, that there was no probable cause and that damages were sustained. *Overson v. Lynch,* 83 Ariz. 158, 161, 317 P.2d 948, 949 (1957); *Nataros v. Superior Court,* 113 Ariz. 498, 500, 557 P.2d 1055, 1057 (1976); Restatement (Second) of Torts § 674 (1965).[5] A termination does not satisfy the first element if it is the result of compromise or settlement of the claim. *Jaffe v. Stone,* 18 Cal.2d 146, 152, 114 P.2d 335, 339 (1941).

Whether a voluntary dismissal[6] is a favorable termination is a matter of first impression in Arizona, although other forms of termination have been considered in this context. For instance, if an appeal is pending, a malicious prosecution action is premature. *Moran v. Klatzke,* 140 Ariz.

---

4. Rule 12(b) provides in relevant part:
 If, on a motion [to dismiss for failure to state a claim], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, ...

5. Restatement (Second) of Torts will hereafter be referred to as Restatement § ———.

6. The parties argue over whether or not there was a voluntary dismissal or whether the sum-

mary judgment superseded it. In our view this issue is immaterial, and we assume for purposes of our analysis that the case was terminated by voluntary dismissal. This is appropriate because the trial judge found that, despite the form of the summary judgment order, the court had not considered the merits of the case. No doubt this is because the judge considering the summary judgment motion was told that there was no opposition.

489, 490, 682 P.2d 1156, 1157 (App.1984) (relying on, *inter alia,* Restatement § 674). A malicious prosecution action is also premature if it is asserted in a counterclaim to the original action. *Nataros v. Superior Court,* 113 Ariz. at 500, 557 P.2d at 1056. On the other hand, a judgment on the merits after a trial is always a favorable termination. Restatement § 674 comment j.

The case before us, however, falls between these poles. When is a determination on less than the merits a favorable termination? California has a well-developed jurisprudence in this area which we have relied on in the past. *See Overson v. Lynch,* 83 Ariz. at 162, 317 P.2d at 950–51, citing to *Jaffe v. Stone, supra; Nataros v. Superior Court, supra.* We begin our analysis with the Restatement.

**Termination in favor of the person against whom civil proceedings are brought.** Civil proceedings may be terminated in favor of the person against whom they are brought … by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them. A favorable adjudication may be by a judgment rendered by a court after trial, or upon demurrer or its equivalent.

. . . . .

*Whether a withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought … depends upon the circumstances under which the proceedings are withdrawn.*

Restatement § 674 comment j (emphasis supplied).

 When a termination or dismissal indicates in some fashion that the accused is innocent of wrongdoing it is a favorable termination. However, if it is merely a procedural or technical dismissal it is not favorable. *Jaffe v. Stone,* 18 Cal.2d at 150, 114 P.2d at 338. Thus, a dismissal pursuant to a statute of limitations is not a

favorable termination. *Lackner v. La-Croix,* 25 Cal.3d 747, 751, 159 Cal.Rptr. 693, 695, 602 P.2d 393, 395 (1980). A dismissal for failure to prosecute is not procedural, and is a favorable termination which indicates the innocence of the accused *if* it reflects on the merits of the action. *Minasian v. Sapse,* 80 Cal.App.3d 823, 825–26, 145 Cal.Rptr. 829, 831 (1978); Restatement § 674 comment j, *supra.*

At first blush, some of the cases involving dismissal seem to hold that a voluntary dismissal is a per se favorable termination. *McDonald v. Joslyn,* 275 Cal.App.2d 282, 288–89, 79 Cal.Rptr. 707, 711 (1969); *Aquilina v. O'Connor,* 59 App.Div.2d 454, 399 N.Y.S.2d 919, 921 (1977) (in absence of compromise or inducement voluntary discontinuance with prejudice but without costs is tantamount to favorable termination); *Young v. First State Bank, Watonga,* 628 P.2d 707, 709 (Okla.1981) (dismissal with prejudice generally favorable); *Nelson v. Miller,* 227 Kan. 271, 281, 607 P.2d 438, 446 (1980) (voluntary dismissal without prejudice may be favorable termination); *Stanback v. Stanback,* 297 N.C. 181, 254 S.E.2d 611, 626 (1979), *overruled on other grounds, Dickens v. Puryear,* 302 N.C. 437, 276 S.E.2d 325, 335 (1981) (mere allegation that prior proceeding dismissed sufficient to withstand 12(b)(6) motion).

Closer analysis indicates, however, that the well-reasoned cases do not establish a per se rule when there has been no adjudication of the merits of the underlying action. The question is whether, under the particular circumstances and merits of the underlying case, termination was actually favorable. *Minasian v. Sapse, supra; Stanback, supra.* Since the *form* of the prior termination is not critical, there is no bright line which can be drawn to determine when a termination on less than adjudication of the merits is favorable. This concept has been articulated in several cases. "If entry of summary judgment was merely the formal means of securing the parties' settlement benefits, the judgment cannot form the basis for a malicious

prosecution action." *Wong v. Tabor,* 422 N.E.2d 1279, 1285 (Ind.App.1981). "A termination without a trial on the merits may be a favorable termination of the litigation if [the circumstances] indicate the innocence or freedom from liability of the defendant." *Stanley v. Superior Court,* 130 Cal.App.3d 460, 464, 181 Cal.Rptr. 878, 880 (1982).

All of the cases we have cited have a common element in that a termination prior to trial on the merits is favorable if it "reflects on the merits of the matter," *Minasian v. Sapse,* 80 Cal.App.3d at 827, 145 Cal.Rptr. at 832, that is, if it had been "pursued it would [have] result[ed] in a decision in favor of defendant." *Stanley v. Superior Court,* 130 Cal.App.3d at 464–65, 181 Cal.Rptr. at 880. *See also* W. PROSSER & W. KEETON, LAW OF TORTS § 119 at 874 (must reflect on merits and not be merely a procedural victory).

■ We conclude that where there has been no adjudication on the merits the existence of a "favorable termination" of the prior proceeding generally must be found in the substance rather than the form of prior events and often involves questions of fact. In such cases, as in the one before us, it will be necessary to determine what actually occurred. If the action was dismissed because of voluntary withdrawal or abandonment by the plaintiff, the finder of fact may well determine that this was, in effect, a confession that the case was without merit. Restatement § 673 comment e.[7] However, there may be many reasons, other than lack of merit, for such withdrawal or abandonment. For instance, the plaintiff might have had insufficient funds to pursue the action or could have decided that a possible recovery was not worth the cost, pecuniary or emotional, of litigating; the plaintiff might have decided to forgive and forget or the defendant may have paid smart money or taken other measures, such as apology, to assuage plaintiff's anger. None of these factors alone may be determinative, and thus it may actually be necessary to try a case within the case, as is often done in legal malpractice claims. *See, e.g., Martin v. Burns,* 102 Ariz. 341, 429 P.2d 660 (1967).

### 4. *Summary Judgment*

Given the inherent ambiguity of an underlying termination that does not result from adjudication on the merits, the trial court in the malicious prosecution action will often have to consider evidence extrinsic to the pleadings to decide the issue of favorable termination. The ultimate legal decision with respect to what constitutes a favorable termination rests with the judge. Restatement §§ 673, 674. However, when the circumstances surrounding the termination of the prior proceedings are ambiguous, the determination of those circumstances belongs to the factfinder. Restatement §§ 673, 674 and 681(B)(2)(c). "Should a conflict arise as to the circumstances explaining the [dismissal], the trier of fact must exercise its traditional role in deciding the conflict." *Minasian v. Sapse,* 80 Cal.App.3d at 828, 145 Cal.Rptr. at 832; *accord, Stanley v. Superior Court,* 130 Cal.App.3d at 466, 181 Cal.Rptr. at 881; *Weaver v. Superior Court,* 95 Cal.App.3d 166, 185, 156 Cal.Rptr. 745, 755–56 (1979) (jury question whether dismissed because it would cost plaintiff more to litigate than plaintiff could recover).

■ In the case at bench, there are many genuine issues of material fact concerning the dismissal. The doctors argue that they fully intended to obtain a decision on the merits and that Stoneman dismissed the lawsuit because he knew he could not prove the doctors' negligence. Stoneman denies this. The parties also dispute the intent of the trial court. There is further disagreement as to why no costs were awarded on dismissal. Two judgments were signed. The sequence of events and correspondence between the parties' attorneys is ambiguous as to what was intended or what actually occurred. Stoneman

---

7. The Restatement makes clear that a withdrawal or a failure to prosecute is favorable in fact only when shown to be so by the surrounding circumstances. Restatement § 674 comment j.

claims there was an offer of compromise or an inducement, such as foregoing costs, which might be a form of settlement militating against a finding of favorable termination, *see Aquilina v. O'Connor, supra.* Stoneman claims also that the dismissal was the result of an agreement. On these confusing facts the conflicting allegations raise questions which must be resolved by the jury.

Since there are genuine issues of material fact as to the circumstances surrounding the dismissal of the prior lawsuit, summary judgment was unavailable on the element of favorable termination. The trial court erred when it dismissed because of a mistaken belief that the case could be maintained only if there had been an explicit determination of the merits of the underlying case. The judgment entered by the trial court on the motion to dismiss is reversed. The opinion of the court of appeals is vacated. The matter is remanded for further proceedings consistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.