NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

VERDE VALLEY PLAZA, LLC, a California limited liability company,
*Plaintiff/Appellant*,

*v.*

BRIAN STONEKING and JANE DOE STONEKING, a married couple,
*Defendants/Appellees*.

No. 1 CA-CV 14-0160
FILED 8-27-2015

---

Appeal from the Superior Court in Maricopa County
CV2013-054033
The Honorable Michael D. Gordon, Judge

**VACATED AND REMANDED**

---

COUNSEL

Goldman & Zwillinger PLLC, Scottsdale
By Scott H. Zwillinger, Scott A. Griffiths
*Counsel for Plaintiff/Appellant*

Trent S. Trueblood, Scottsdale
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**G E M M I L L**, Judge:

¶1            Verde Valley Plaza, LLC ("VVP") appeals the dismissal of its action against Brian Stoneking and Jane Doe Stoneking.  The primary issue on appeal is whether the superior court erred in dismissing VVP's complaint against Stoneking based on judicial estoppel.  For the reasons that follow, we vacate the judgment of dismissal and remand for further proceedings.

## BACKGROUND

¶2            In November 2011, VVP filed for Chapter 11 bankruptcy and continued to operate, as a debtor in possession, a strip mall property in Cottonwood, Arizona.  In February 2012, Stoneking, a member of EB Enterprise, LLC, doing business as the Noodle Bowl, agreed to lease from VVP a suite located on the property.  The lease required both parties to perform renovations in order for Stoneking to operate a restaurant out of the suite.  VVP did not notify Stoneking that VVP was in bankruptcy, nor was Stoneking initially aware of VVP's status in bankruptcy.  After learning that VVP had filed for bankruptcy, Stoneking hired counsel who filed a notice of representation in the bankruptcy proceeding in June 2012.  VVP later alleged that on July 1, 2012, Stoneking abandoned the project and left the suite unusable.

¶3            VVP filed an amended plan of reorganization in bankruptcy court on July 6, 2012**.**  In Section 8.7 of the plan, VVP indicated that it wished to preserve

> any and all Causes of Action accruing to the Debtor and Debtor in Possession, including, without limitation, actions under sections 510, 542, 544 . . . of the Bankruptcy Code . . . and the Reorganized Debtor shall have the authority to commence and prosecute such Causes of Action for the benefit of the Estate of the Debtor.

Specifically, the plan provided that VVP had "conducted a preliminary investigation and determined" there might be a basis for a claim against Midfirst Bank.  VVP did not specifically assert or preserve any claim against Stoneking, EB Enterprise LLC, or the Noodle Bowl in the amended plan at that time.

¶4            In August 2012, Stoneking filed a motion in bankruptcy court

seeking "compensation for damages based on [VVP's] post [bankruptcy] petition torts and breach of contract, as an administrative expense." Stoneking alleged VVP made numerous false representations and failed to complete renovations it contracted to provide. Because VVP was in bankruptcy and the acts alleged occurred after the filing of the bankruptcy petition, Stoneking asserted that it was entitled to compensation as an "administrative creditor."

¶5        In September 2012, VVP opposed Stoneking's motion for administrative expenses, explaining that VVP

> is in the process of compiling documents which will be filed as a supplement to this Objection. In the interim, however, the Debtor will most likely be filing a counterclaim to the Application for Administrative Claim, as Noodle Bowl has failed to abide by the terms of the parties' agreement. Accordingly, the Debtor requests the Court set this matter for a hearing, and at the conclusion of the hearing, deny the Application in its entirety.

According to the record on appeal before us, however, VVP did not file a supplement to the objection nor did the bankruptcy court schedule or conduct the requested hearing; and Stoneking did not object to the hearing not being set or request a hearing on his own. It is not apparent from the available record whether the bankruptcy court ever addressed Stoneking's motion. VVP's next filing, on October 15, 2012, was a proposed order for the bankruptcy court to approve VVP's July 6, 2012 plan of reorganization. Accompanying the filing was a "Notice of Lodging Form of Order" indicating that a copy of the order had been sent to Midfirst Bank's counsel but not specifically indicating a copy had been sent to Stoneking's counsel. The October 15, 2012 order expressly referenced Stoneking and EB Enterprise, LLC, explaining that "[t]he Plan is hereby amended to include a preservation by [VVP] of all claim(s) it has against (1) EB Enterprise, LLC d/b/a The Noodle Bowl; (2) Brian Stoneking; and (3) [Eric] Horn." The bankruptcy court issued the order on October 22, 2012, approving VVP's reorganization and signed the final decree in March 2013.

¶6        In August 2013, VVP filed a complaint in superior court

against Stoneking.[1] VVP alleged a lease was executed in February 2012 and that Stoneking personally guaranteed full performance of the terms of the lease. VVP further alleged that Stoneking failed to open a restaurant in the suite because he did not perform according to terms of the lease and abandoned the suite, leaving it unusable. VVP asserted Stoneking breached the agreement, the implied covenant of good faith and fair dealing, and the personal guarantee.

¶7        In September 2013, Stoneking responded to the complaint by filing a motion to dismiss pursuant to Arizona Rule of Civil Procedure 12(b)(6). Stoneking's Rule 12(b) motion alleged that VVP's claims were barred because they were (1) based on an alleged lease which [VVP] rejected in its bankruptcy case and (2) based on the doctrine of judicial estoppel, because [VVP] never disclosed such claims in its bankruptcy schedule. Along with the motion, Stoneking filed attachments that included the bankruptcy court docket and minute entries, the motions and responses filed in bankruptcy court, and the October 22, 2012 order. VVP opposed the motion to dismiss, contending that its claims against Stoneking were preserved in the bankruptcy court's October 22, 2012 order. VVP also attached documents from the bankruptcy proceedings.

¶8        After Stoneking replied to VVP's response, the superior court heard oral argument on the pending motion. The court then ordered both parties to file supplemental memoranda addressing:

> (1) with respect to judicial estoppel, to whom the prejudice must run, the Court or the parties; and (2) whether this Court would have subject matter jurisdiction over any counterclaims that [Stoneking] should choose to assert; specifically, those counterclaims that encompass the claims made in the administrative claim before the bankruptcy court.

¶9        After receiving the supplemental briefing, the court granted Stoneking's motion to dismiss, stating that VVP was "judicially estopped from asserting its claims against [Stoneking] in this state court action." The court explained:

---

[1] Only Brian Stoneking and Jane Doe Stoneking were named as defendants in this action. EB Enterprise, LLC was not named as a party nor was Eric Horn, who was also a member of the LLC.

[VVP] was aware of the administrative claim pending and took no action to advise the Bankruptcy Court of that filing in a manner that would have avoided that court's oversight of [Stoneking's][2] claim.

Instead, without meaningful notice to [Stoneking], it simply preserved its own claim in its proposed order of confirmation.

Thus, if [VVP's] position prevails here, this Court will entertain an action against [Stoneking] but will be deprived of subject matter jurisdiction over [Stoneking's] counterclaims. That result arises from [VVP's] *procedural transgression* in bankruptcy court and prejudices [Stoneking] here. The Court will not permit that result.

(Emphasis added.)

¶10        The superior court entered final judgment and VVP timely appealed. This court has jurisdiction in accordance with Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## ANALYSIS

### I. The Motion to Dismiss Should Have Been Treated as a Motion for Summary Judgment

¶11        Although Stoneking filed a Rule 12(b)(6) motion to dismiss, both Stoneking and VVP submitted a number of documents from the bankruptcy court proceeding in support of or opposition to the motion. On a motion to dismiss, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [Arizona Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Ariz. R. Civ. Proc. 12(b).

¶12        The motion to dismiss should therefore have been treated as a motion for summary judgment. *See Frey v. Stoneman*, 150 Ariz. 106, 108-09 (1986) (holding that when "evidence extrinsic to the pleadings was

---

2   The superior court references "Plaintiff's" claim at this point, but we assume from the context that the court meant "Defendant's" or "Stoneking's" claim.

offered to and relied on by the trial judge in making [a] decision, the motion to dismiss should have been treated as one for summary judgment"). Although VVP does not complain on appeal that the superior court erred in not converting Stoneking's motion to dismiss to a motion for summary judgment, the applicable standard of judicial review requires that we examine whether summary judgment was appropriate under Arizona Rule of Civil Procedure 56(a).

## II. Summary Judgment Was Not Appropriate

¶13 Under Arizona Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." We view the facts and the inferences arising from those facts in the light most favorable to the nonmoving party. *Best Choice Fund, LLC v. Low & Childers, P.C.*, 228 Ariz. 502, 506, ¶ 10 (App. 2011). "[W]e determine de novo whether any genuine issues of material fact exist and whether the trial court properly applied the law." *Id.*

¶14 VVP primarily asserts that Stoneking's motion and the superior court's ruling constitute an unauthorized collateral attack on the bankruptcy court's final order approving VVP's reorganization. *See generally Duncan v. Progressive Preferred Ins. Co. ex rel. Estate of Pop*, 228 Ariz. 3, 7, ¶¶ 13-15 (App. 2011) (discussing collateral attack principles).[3] We agree with VVP that the bankruptcy court's order is not subject to collateral attack in this state court action. To the extent there were, or may have been, procedural irregularities in bankruptcy court, such issues must generally be addressed in the bankruptcy court, not in state court. It is not ordinarily within the purview of the superior court or this court to examine and attempt to rectify any perceived injustices in a bankruptcy court proceeding, order, or judgment. *See Rackers v. Nicholson*, 89 Ariz. 397, 400 (1961) (bankruptcy court order is judgment and is not subject to collateral attack); *Duncan*, 228 Ariz. at 7, ¶¶ 13-15.

¶15 A defense based upon judicial estoppel, however, does not necessarily constitute an inappropriate collateral attack on the bankruptcy court's order. Judicial estoppel may be asserted against VVP without setting aside or rendering invalid the bankruptcy order. *See Duncan*, 228

---

[3] Because we agree with VVP's assertion that the superior court's ruling was an improper collateral attack on the bankruptcy court's ruling, we need not consider its assertion that res judicata prevents relitigation of issues that could have been litigated in bankruptcy court.

Ariz. at 7 (explaining that a collateral attack on a judgment "is an effort to obtain another and independent judgment which will destroy the effect of the former judgment"). If applicable, judicial estoppel would rest upon a determination that VVP has changed its position under such circumstances that it should be estopped from seeking damages from Stoneking in this action. This would not undermine the effect of the bankruptcy court's judgment. Rather, it would protect the integrity of the judicial system and prevent VVP from asserting a position to obtain judicial relief in one proceeding and then a new, inconsistent position in a second proceeding. *See State v. Towery,* 186 Ariz. 168, 182, 920 P.2d 290, 304 (1996) ("Judicial estoppel is not intended to protect individual litigants but is invoked to protect the integrity of the judicial process by preventing a litigant from using the courts to gain an unfair advantage.").

**¶16**        We note that the parties have primarily cited, in both superior court and this court, *federal cases* regarding judicial estoppel. But state law is controlling on this issue. Regarding judicial estoppel, our supreme court has explained "that a party who has assumed a particular position in one judicial proceeding will not be allowed to assume an inconsistent position in a subsequent proceeding." *Standage Ventures, Inc. v. State*, 114 Ariz. 480, 483 (1977). "For judicial estoppel to apply, three requirements must be met: '(1) the parties must be the same, (2) the question involved must be the same, and (3) the party asserting the inconsistent position must have been successful in the prior judicial proceeding.'" *Bank of Am. Nat. Trust & Sav. Ass'n v. Maricopa Cnty*, 196 Ariz. 173, 175 (App. 1999) (quoting *Towery*, 186 Ariz. at 182).

**¶17**        In granting Stoneking's motion to dismiss, the superior court referenced what it perceived to be VVP's "procedural transgression" in the bankruptcy proceeding. *See supra* ¶ 9. It is not clear, however, that the court made the necessary determination of the requisite change of position by VVP sufficient to support application of judicial estoppel. To apply judicial estoppel, it is necessary for a party to show that an inconsistent factual position was taken. *See State Farm Auto Ins. v. Civil Service Emp. Ins. Co.*, 19 Ariz. App. 594, 600 (1973) (noting that the litigants, in a claim against an insurance company, took an inconsistent position when they first argued that they purchased a vehicle to replace an insured vehicle, and then later argued that a different vehicle they borrowed was the replacement); *Colonia Verde Homeowners Ass'n v. Kaufman*, 122 Ariz. 574, 578 (App. 1979) (holding that the appellants took an inconsistent position when they obtained relief under the enforcement provision of a restrictive covenant attached to their property and in a subsequent proceeding denied the restrictions applied).

¶18 Even the United States Supreme Court case cited by Stoneking involved an inconsistent factual position taken from one proceeding to the next. In *New Hampshire v. Maine*, the states litigated the boundary between them, in the vicinity of the Piscataqua River. 532 U.S. 742, 751 (2001). In earlier litigation, New Hampshire claimed the boundary between the states was in the "middle of the river," which meant the middle of the main channel of navigation. *Id.* In the subsequent proceeding, New Hampshire asserted that the same boundary was along Maine's shoreline of the Piscataqua River, which the Supreme Court held was inconsistent with New Hampshire's earlier position. *Id.*

¶19 Stoneking contends VVP's inconsistent position began with the failure to timely disclose in bankruptcy court its claim against Stoneking for damages for alleged breach of the lease. At the heart of Stoneking's argument that VVP played "fast and loose" with the bankruptcy rules is a contention that VVP failed to follow the procedural and notice requirements of bankruptcy court. The superior court labelled VVP's conduct in bankruptcy court a "procedural transgression" and indicated that VVP provided no "meaningful notice" that would have allowed Stoneking to litigate his administrative claim prior to VVP preserving its claims.

¶20 The perceived procedural transgression is not analogous to taking a factually inconsistent position as detailed in the Arizona judicial estoppel cases or the *New Hampshire* case. VVP did not assert one set of facts to the bankruptcy court and a different, inconsistent set of facts in the superior court. VVP specified in its proposed final order approving the plan that it had a claim against Stoneking. In the superior court, it asserts the same argument. Stoneking asks this court to affirm the superior court's finding that the alleged failure to timely attempt to preserve a claim, or failure to provide appropriate notice in bankruptcy court, is an act that should preclude VVP's claim in state court. Even assuming VVP was tardy in disclosing its claim against Stoneking in bankruptcy court, or failed to provide proper notice of that claim to Stoneking, such omission or omissions do not constitute the taking of an inconsistent position as required for application of judicial estoppel.

¶21 Stoneking has not established as a matter of law that VVP took an inconsistent position in the bankruptcy proceeding and obtained judicial relief resulting from that position. *See Bank of Am. Nat. Trust & Sav. Ass'n v. Maricopa Cty*, 196 Ariz. 173, 176 ¶ 8 (App. 1999) ("For purposes of

judicial estoppel, a party is not considered to have been successful in a prior judicial proceeding unless (a) the court in that proceeding granted the party relief or accepted the party's earlier inconsistent position either as a preliminary matter or as part of a final disposition, and (b) the party's inconsistent position was a significant factor in the relief granted."). The inconsistent position must have been a factor in the relief obtained.

¶22 Accordingly, we must vacate the dismissal and remand for further proceedings. A defense such as judicial estoppel may be available to Stoneking and may be further addressed on remand if supported by the facts. On the record before us, however, it cannot be said that Stoneking is entitled to judgment as a matter of law on the basis of judicial estoppel.

¶23 We also recognize that the superior court expressed a concern regarding the possibility of a counterclaim being asserted by Stoneking. But there is no issue before us in this appeal regarding such a counterclaim, and we will not speculate as to what theories might support a counterclaim by Stoneking or what defenses might be raised in response to a potential counterclaim.

**ATTORNEY FEES**

¶24 Both parties have requested awards of attorney fees under A.R.S. § 12-341.01. Stoneking has not succeeded on appeal and we therefore deny his request. Although VVP is the successful party on appeal, in our discretion we deny its request for attorney fees but VVP is awarded its statutory, taxable costs on appeal, contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶25 For these reasons, we vacate the judgment of dismissal and remand to the superior court for further proceedings.



Ruth A. Willingham · Clerk of the Court
FILED: ama